WICHMAN, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*January 9—February 4, 1941.*

The cause was submitted for the appellant on the brief of *Cain & Farley* and *Joseph E. Tierney*, all of Milwaukee, and for the respondents Industrial Commission and state of Wisconsin on that of the *Attorney General* and *Mortimer Levitan*, assistant attorney general.

A brief was also filed by *Lecher, Michael, Whyte & Spohn*, attorneys, and *Thomas S. Stone* of counsel, all of Milwaukee, as *amici curiæ*.

FAIRCHILD, J. Review of the Industrial Commission's orders or awards may be had in those instances and in the manner provided by statute. The statute in force at the time this review was sought provided that an action would lie to review an order or award "originally made by the commission as a body" and in one other instance, namely when the order or award is made by the commission "following the filing of a petition for review" under sec. 102.18 (3), Stats. In the case at bar the petition for review was not timely under sec. 102.18 (3), Stats., and because of this there was no right to a review. The order of the examiner thus became a non-reviewable decision under the statutes. This appears from a

comparison of the section before and after the amendment. Before the amendment, made by ch. 261, Laws of 1939, effective July 20, 1939, sec. 102.23 (1), Stats., read:

". . . Within thirty days from the date of the order or award of the commission as a body any party aggrieved thereby may commence, . . . an action. . . ."

After the amendment that section read:

". . . Within thirty days from the date of the order or award *originally made by the commission as a body or following the filing of a petition for review* with the commission under section 102.18, any party aggrieved thereby may commence, . . . an action. . . ."

Sec. 102.18 (3), Stats., is the section which provides that if no petition is filed within twenty days from the date that a copy of the findings or order of the examiner was mailed to the parties in interest, then "such findings or order shall be considered the findings or order of the industrial commission as a body." The Industrial Commission moved the dismissal of the action on the ground that the filing with the commission of a petition to review the findings and order of the examiner was a condition precedent under sec. 102.23 (1), Stats., as amended, to the acquisition of jurisdiction by the circuit court. It is considered that the circuit court in granting that motion was complying with the statute as enacted by the legislature.

The claim that because no clear legislative intent to change the rule for review appears and because the proceedings are in the nature of an appeal, a liberal construction should be adopted, is unfounded. It would in effect give a different meaning to the words "originally made by the commission as a body" from that which the legislature expressed by the language it used. The statute plainly says that the order or award may be reviewed by the commission at the instance of the aggrieved party who files a petition for review under sec. 102.18, Stats.

We see no escape from the conclusion that a petition for review of an examiner's order or award addressed to the commission must precede the commencement of an action in the circuit court. We therefore hold that the jurisdiction of the circuit court to review the order in this case must be based upon an order entered by the commission following a review of the examiner's order. The lower court properly dismissed the action for want of jurisdiction.

*By the Court.*—Order affirmed.