Wacker, Appellant, vs. Industrial Commission and others, Respondents.*

*December 7, 1945—February 15, 1946.*

* Motion for rehearing denied, with $25 costs, on April 12, 1946.

*L. A. Tarrell* of Milwaukee, for the appellant.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents John Ernst, d/b/a Superior Body & Painting Company, and Car & General Insurance Corporation, Ltd., there was a brief by *Hannan, Johnson & Goldschmidt* of Milwaukee, and oral argument by *W. J. Goldschmidt.*

MARTIN, J.    Raymond Wacker, husband of the plaintiff, was accidentally killed on September 19, 1943, while driving an automobile owned by his employer.    A report of the accident was made by the employer to the Industrial Commission. Correspondence was had between the Industrial Commission, the employer, the insurance carrier, and the widow, with the result that on October 25, 1943, a stipulation of facts and a request for an award to be based thereon was filed by the widow and the insurance carrier of the employer.    The stipulation, in part, provides:

"It is agreed and stipulated that on September 19, 1943, the respondent, John W. Ernst d/b/a Superior Body & Paint-

ing Company, and one Raymond Wacker were both subject to the provisions of the Workmen's Compensation Act of Wisconsin; that on said day the said Raymond Wacker was in the employ of the said respondent, and that while performing services growing out of and incidental to his employment, he accidentally sustained personal injury which resulted in his death on September 19, 1943; that the injury and death of said employee were proximately caused by accident and not intentionally self-inflicted."

Based on the facts stipulated, an award directing the payment of a death benefit to the widow was entered on November 2, 1943. Compensation was paid in accordance with the award and no petition to review it was filed with the Industrial Commission until March 13, 1944, on which date an application to set aside the stipulation of facts and the award was filed with the commission by the employer and insurance carrier. A hearing was scheduled for May 4, 1944, at which plaintiff appeared and objected to the jurisdiction of the commission to take any testimony or any proceedings. A second hearing was held on September 15, 1944, and testimony was taken. After this hearing the commission found that at the time of his fatal injury Raymond Wacker "was performing no service in the course of his employment and was, therefore, outside of the scope of said employment."

Findings of fact and an order setting aside the agreed statement of facts, and the order and award based thereon, were entered by the examiner on September 19, 1944. A petition to review the examiner's decision was filed with the commission and on October 19, 1944, the commission entered its order affirming the decision of the examiner.

Appellant contends: (1) That the Industrial Commission had no authority to set aside the agreed statement of facts filed with the commission for the purpose of an award; (2) that

the Industrial Commission was without jurisdiction to entertain the petition to set aside the agreed statement of facts and the award based thereon several months after the award had been entered. The respondent Industrial Commission states the question involved thus:

"Where an order is entered on a stipulation of settlement in which the word 'compromise' does not appear, may the Industrial Commission, under the provisions of sec. 102.16 (1), Stats., on application of the employer and insurance carrier, set aside such order more than twenty days after the date of such order?"

Sec. 102.16 (1), Stats., provides:

"Any controversy concerning compensation, including any in which the state may be a party, shall be submitted to said commission in the manner and with the effect provided in this chapter. Every compromise of any claim for compensation may be reviewed and set aside, modified or confirmed by the commission within one year from the date such compromise is filed with the commission, or from the date an award has been entered, based thereon, or the commission may take such action upon application made within such year. *Unless the word 'compromise' appears in a stipulation of settlement, the settlement shall not be deemed a compromise, and further claim shall not be barred except as provided in sec. 102.17 (4) irrespective of whether award is made.*"

The last sentence was added to sec. 102.16 (1), Stats., by sec. 11, ch. 270, Laws of 1943, and became effective on June 9, 1943.

Sec. 102.17 (4), Stats., provides:

"The right of an employee, his legal representative or dependent to proceed under this section shall not extend beyond six years from the date of the injury or death or from the date

that compensation (other than medical treatment or burial expenses) was last paid, whichever date is latest."

The 1943 amendment refers to two classes of stipulation of settlement, those in which the word "compromise" appears and those in which the word does not appear. If the word "compromise" appears in the stipulation of settlement, the commission's award on the stipulation is an award on a genuine compromise and is subject to the one-year limitation for commission action on compromises. If the word "compromise" does not appear in the stipulation of settlement, further claim and right of an employee is subject to commission action within the statutory six-year period.

Sec. 102.18 (3), Stats., provides:

"If no petition is filed within twenty days from the date that a copy of the findings or order of the commissioner or examiner was mailed to the last-known address of the parties in interest, such findings or order shall be considered the findings or order of the industrial commission as a body, unless set aside, reversed or modified by such commissioner or examiner within such time. . . ."

Sec. 102.18 (4), Stats., provides:

"The commission shall have power to remove or transfer the proceedings pending before a commissioner or examiner. It may also on its own motion, set aside, modify, or change any order, findings or award (whether made by an individual commissioner, an examiner or by the commission as a body) at any time within twenty days from the date thereof if it shall discover any mistake therein, or upon the grounds of newly discovered evidence. . . ."

In the instant case the application of the employer and insurance carrier to set aside the stipulation of facts and the

award was based on the grounds of newly discovered evidence.

In *Wacho Mfg. Co. v. Industrial Comm.* 223 Wis. 312, 317, 270 N. W. 63, referring to sec. 102.18 (4), Stats., the court said:

"Giving to the language of sub. (4) its normal and usual sense, it evidences a plain intent that an order, whatever its source, may only be set aside upon the ground specified and within twenty days of its actual making."

The twenty-day limitation is of great importance, both to the employer and employee. A prompt hearing and an award, the finality of which shall not long be in question, have always been recognized as essential to a just and efficient scheme of compensation, and the act has always contained provisions calculated to secure this objective. It should require very clear language to warrant the conclusion that the legislature meant to extend the period during which an award lacks finality in the absence of appeal.

Under the 1943 amendment all awards based on a stipulation of settlement in which the word "compromise" was not used have the same status as an award based on a full hearing before an examiner, commissioner, or the commission as a body. In such cases the twenty days' provision, as provided in secs. 102.18 (3) and 102.18 (4), Stats., is applicable. Prior to the 1943 amendment every compromise of any claim for compensation could be reviewed, set aside, modified, or confirmed by the commission within one year from the date such compromise was filed with the commission or from the date the award, based upon such compromise, was entered. The cases cited, dealing with compromise settlements prior to the 1943 amendment, are not in point. The award in the instant case was not based on a compromise settlement. The award

was for the maximum amount of a death benefit under the compensation act.

The respondents argue that an award on a stipulation of settlement may be set aside any time within six years from date of injury or death or from the date compensation was last paid. Sec. 102.16 (1), Stats., which includes the 1943 amendment, provides:

". . . Unless the word 'compromise' appears in a stipulation of settlement, the settlement shall not be deemed a compromise, and further claim shall not be barred except as provided in sec. 102.17 (4) irrespective of whether award is made."

Sub. (4) of sec. 102.17, Stats., refers to the right of an employee, his legal representative, or dependent to proceed under said section within six years from the injury or death (of the employee) or from the date that compensation (other than medical treatment or funeral expenses) was last paid, whichever date is latest. The claim referred to in sec. 102.16 (1) must necessarily mean the applicant's claim for compensation. It further provides that such claim shall not be barred except as provided in sec. 102.17 (4), and that section specifically refers to the right of an employee, his legal representative, or dependent. Respondents argue that the employer and his insurance carrier had a claim which they had a right to present to the Industrial Commission for determination. Their claim is not a claim within the meaning of the 1943 amendment to sec. 102.16 (1), or within the meaning of sub. (4) of sec. 102.17. We are here concerned with the right and claim of an employee for compensation.

We are of the view that the Industrial Commission was without jurisdiction to set aside the agreement between the parties and the order based thereon dated November 2, 1943; and further, that the court erred in confirming the order of

the commission dated October 19, 1944, setting aside its original order.

*By the Court.*—Judgment reversed.    Cause remanded with directions to vacate and set aside the order of the Industrial Commission dated October 19, 1944, setting aside its original order of November 2, 1943.