Margolis Produce Company, Inc., and another, Respondents, vs. Industrial Commission and another, Appellants.

*December 2—December 30, 1949.*

For the appellant Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents there was a brief by *Lane & Harrington,* attorneys, and *Bendinger, Hayes & Kluwin* of counsel, all of Milwaukee, and oral argument by *Mr. John A. Kluwin* and *Mr. Gerald J. Harrington.*

HUGHES, J. The commission concedes that the explanation of applicant, upon which the extension was based, was received on the forty-second day following the entry of the order of the examiner. It argues, however, that since the twentieth day following the entry fell on Sunday, January 18th, the applicant had until Monday, January 19th, to move for review without extension, and that since the commission had the right to extend the period an additional twenty days this period should be computed from January 19th, which additional period again expired on Sunday (February 8th), giving the applicant until Monday, February 9th, to perform.

It is admitted that if the application for review was not filed within the statutory time, the findings and order of the examiner become a nonreviewable decision. *Wichman v. Industrial Comm.* (1941), 237 Wis. 13, 296 N. W. 78; *Wacker v. Industrial Comm.* (1946), 248 Wis. 315, 21 N. W. (2d) 715.

The trial court held that the statute authorizing the commission to allow an additional twenty days requires the time to be computed from the date of the entry of the examiner's order, and that the forty days expired on Saturday, Febru-

ary 7th. The court therefore held that the commission was without authority to·· act upon the petition received February 9th. ^

In *Wacker v. Industrial Comm.* (1946), 248 Wis. 315, 320, 21 N. W. (2d) 715, the court said:

"The twenty-day limitation is of great importance, both to the employer and employee. A prompt hearing and an award, the finality of which shall not long· be in question, have always been recognized as essential to a just and efficient scheme of compensation, and the act has always contained provisions calculated to secure this objective. It should require very clear language to warrant the conclusion that the legislature meant to extend the period during which an award lacks finality in the absence of appeal."

The first portion of sub. (3) of sec. 102.18, Stats., indicates that the original twenty days is to be computed from the day upon which the findings or order of the examiner were mailed to applicant. It is obvious that the extension authorized must be computed from the same date. The trial court was correct in so holding.

*By the Court.*—Judgment affirmed.