CHEVROLET DIVISION, GENERAL MOTORS CORPORATION, Plaintiff and Respondent, v. INDUSTRIAL COMMISSION, Defendant and Appellant: MARZAHL, Defendant.

*June 6—July 1, 1966.*

482

484

For the appellant Industrial Commission the cause was argued by *Gordon Samuelsen,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

For the respondent there was a brief by *Berg & Gage* of Janesville, and oral argument by *Louis Gage.*

CURRIE, C. J.  The issues on this appeal are:

(1) Is mandamus an available remedy to review the action of the commission in refusing to consider and act upon General Motors' petition for review of the examiner's findings and interlocutory order?

(2) Was such petition for review timely "filed" with the commission within the requirement of sec. 102.18 (3), Stats.?

*Availability of Mandamus as a Remedy.*

The commission contends that the available court remedy to review its actions in workmen's compensation proceedings is an action for review to be instituted in the circuit court for Dane county as provided by sec. 102.23 (1), Stats.[1] If the commission is correct in this contention then mandamus will not lie here because as this court recently stated in *Underwood v. Karns:* [2]

"The existence or nonexistence of an adequate and specific remedy at law is one of the first questions to be determined in a mandamus proceeding, and when such other remedy exists, courts uniformly refuse to entertain petitions for writs of mandamus."

It is the position of General Motors that the action for review authorized by sec. 102.23 (1), Stats., was not available as a remedy here because the commission as a whole had never entered an order or award, and that the entry of such an order or award is a prerequisite to commencement of an action for review under this statute. Sec. 102.23 (1) clearly requires that there be an order or award made by the commission before an action in the

[1] This statute in part provides, "Within 30 days from the date of an order or award originally made by the commission as a body or following the filing of petition for review with the commission under s. 102.18 any party aggrieved thereby may commence, in the circuit court for Dane county, an action against the commission for the review of such order or award, in which action the adverse party shall also be made defendant."

[2] (1963), 21 Wis. (2d) 175, 179, 124 N. W. (2d) 116. See also *State ex rel. Racine County v. Schmidt* (1959), 7 Wis. (2d) 528, 536, 97 N. W. (2d) 493; *State ex rel. Madison Airport Co. v. Wrabetz* (1939), 231 Wis. 147, 151, 152, 285 N. W. 504; *State ex rel. Baraboo v. Page* (1930), 201 Wis. 262, 268, 229 N. W. 40; Comment, The Writ of Mandamus in Wisconsin, 1961 Wisconsin Law Review, 636.

Dane county circuit court will be maintainable under that section.

The commission urges that its letter of November 18, 1965, to counsel for.General Motors constituted an order because this letter in effect constituted a refusal by the commission to consider or act upon the petition for review. However, whether or not a particular determination of an administrative agency constitutes a reviewable order is gauged by the substance of what the agency has purported to do, and not necessarily by the label placed upon such determination.[3]

While there is no express statutory definition of what constitutes an "order" within the intent of sec. 102.23 (1), Stats., sec. 102.18 refers to the findings and orders to be made by the commission and characterizes an order as follows: ". . . and its order, which shall state its determination as to the rights of the parties." Furthermore, this court has stated that the orders referred to in sec. 102.23 (1) are only those orders which deny or award compensation. Any other orders are not deemed subjects of judicial review.[4]

Therefore, the letter of November 18, 1965, informing the respondent that its petition for review was untimely filed does not constitute an "order" made by the commission as a body within the intent of sec. 102.23 (1), Stats., as interpreted by this court. Since sec. 102.23 (1) was not an available legal remedy open to the respondent, the action for a writ of mandamus was a proper remedy.

[3] *Wisconsin Telephone Co. v. Wisconsin Employment Relations Board* (1948), 253 Wis. 584, 593, 34 N. W. (2d) 844; 2 Am. Jur. (2d) Administrative Law, p. 413, sec. 585. Cf. *Wisconsin Mut. Liability Co. v. Industrial Comm.* (1930), 202 Wis. 428, 431, 232 N. W. 885.

[4] *Meyer v. Industrial Comm.* (1961), 13 Wis. (2d) 377, 380, 108 N. W. (2d) 556; *Harrison v. Industrial Comm.* (1944), 246 Wis. 106, 107, 16 N. W. (2d) 303; *Cranston v. Industrial Comm.* (1944), 246 Wis. 287, 289, 16 N. W. (2d) 865; *Berg v. Industrial Comm.* (1940), 236 Wis. 172, 179, 180, 294 N. W. 506.

*Timeliness of Petition for Review.*

Sec. 102.18, Stats., provides in part:

"(2) The industrial commission may authorize a commissioner or examiner to make findings and orders, and to review, set aside, modify or confirm compromises of claims for compensation under rules to be adopted by the commission. Any party in interest who is dissatisfied with the findings or order of a commissioner or examiner may file a written petition with the industrial commission as a commission to review the findings or order.

"(3) If no petition *is filed within twenty days* from the date that a copy of the findings or order of the commissioner or examiner was mailed to the last known address of the parties in interest, such findings or order shall be considered the findings or order of the industrial commission as a body, unless set aside, reversed or modified by such commissioner or examiner within such time. . . . If the commission is satisfied that a party in interest has been prejudiced because of exceptional delay in the receipt of a copy of any findings or order it may extend the time another twenty days for filing petition with the commission." (Italics supplied.)

The key words of the statute are the italicized words "is filed within twenty days." In *E. M. Boerke, Inc., v. Williams* [5] this court held in a contract case that to construe mailing as "filing" is to ignore the plain meaning of the word.

Furthermore, the form letter (Form WC–23) used by the commission to transmit to the parties the findings of fact and order of the examiner contains this paragraph:

"Petition for review by the Industrial Commission as a body of an order of an examiner may be filed within 20 days from the mailing of copy of such order. The examiner's order becomes final and no appeal may be taken if petition is not filed (received by the commission) within such 20 days."

[5] (1965), 28 Wis. (2d) 627, 635, 137 N. W. (2d) 489.

Thus it clearly appears that the commission has interpreted the statutory words "is filed within twenty days" to mean is received by it within twenty days. We take judicial notice that this interpretation is one of many years standing on the part of the commission.[6] This constitutes a reasonable interpretation of the statutory language of sec. 102.18 (3), Stats., and we adopt the same. Moreover this court accords great weight to the interpretation placed upon a statute by the administrative agency charged with the duty of applying such statute.[7]

The doctrine of substantial compliance has no application to the twenty-day limitation of sec. 102.18 (3), Stats. In *Wacker v. Industrial Comm.*[8] this court declared:

"The twenty-day limitation is of great importance, both to the employer and employee. A prompt hearing and an award, the finality of which shall not long be in question, have always been recognized as essential to a

---

[6] In response to a letter from the clerk of the supreme court to the Director of the Workmen's Compensation Division of the commission as to the length of time this interpretation has been in effect, the director replied:

"You have inquired as to how many years we have used a form letter of transmittal of findings and order of an examiner, form WC–23, with the phraseology, 'The examiner's order becomes final and no appeal may be taken if petition is not filed (received by the commission) within such 20 days.'

"We have used the present form since October 1961. The form of the letter was revised at that time to more specifically indicate that filing meant, received by the commission. This was not a new interpretation, but merely emphasized the interpretation which the commission had applied to the statute for the past several decades."

[7] *Cook v. Industrial Comm.*, ante, p. 232, 142 N. W. (2d) 827; *Mednis v. Industrial Comm.* (1965), 27 Wis. (2d) 439, 444, 134 N. W. (2d) 416; *Trczyniewski v. Milwaukee* (1961), 15 Wis. (2d) 236, 240, 112 N. W. (2d) 725; *Wisconsin Axle Division v. Industrial Comm.* (1953), 263 Wis. 529, 537b, 57 N. W. (2d) 696, 60 N. W. (2d) 383.

[8] (1946), 248 Wis. 315, 320, 21 N. W. (2d) 715.

just and efficient scheme of compensation, and the act has always contained provisions calculated to secure this objective. *It should require very clear language to warrant the conclusion that the legislature meant to extend the period during which an award lacks finality in the absence of appeal.*" (Emphasis supplied.)

This court has previously upheld the commission's refusal to extend the twenty-day limitation period to cover late receipt of the petition for review in one case where there was but a delay of two days [9] and another of but four days.[10] These decisions make it clear that this court holds that strict compliance with the twenty-day requirement of the statute is jurisdictional.

General Motors attempts to invoke sec. 269.36, Stats., which provides:

"If a certain time before an act to be done is required for the service of any paper and if, after service of any paper, a specified time is allowed a party to do an act in answer to or in consequence of such service, service by mail shall increase by 5 days the time required or allowed to do such act in case of personal service."

However, sec. 269.36, Stats., is part of Title XXV, Procedure in Civil Actions. It therefore applies only to a judicial action or proceeding,[11] and could have no application to the proceedings before the Industrial Commission under ch. 102. This position is supported by our recent decision in *Fontaine v. Milwaukee County Expressway Comm.*[12] in which we held that sec. 269.37, being a part of Title XXV, has no application to a hearing held by a condemnation commission under ch. 32. Our holding in *Fontaine* necessitates that we overrule the statement made by way of dictum in *Burk v. Commission-*

---

[9] *Margolis Produce Co. v. Industrial Comm.* (1949), 256 Wis. 248, 40 N. W. (2d) 586.

[10] *Wichman v. Industrial Comm.* (1941), 237 Wis. 13, 296 N. W. 78.

[11] Sec. 260.01, Stats.

[12] Ante, p. 275, 143 N. W. (2d) 3.

*er of Motor Vehicles* [13] that "if the commissioner desires to rely on service by mail, he is governed by sec. 269.36."

Inasmuch as the petition for review was not "filed" (received) by the commission within the twenty-day period specified by sec. 102.18 (3), Stats., the commission was without jurisdiction to act thereon. Therefore, it was error for the circuit court to have denied the commission's motion to quash the alternative writ.

*By the Court.*—The peremptory writ of mandamus is reversed and the cause is remanded with directions to enter an order quashing the alternative writ.

---

[13] (1959), 8 Wis. (2d) 620, 626, 99 N. W. (2d) 726.