KOHNKE, Appellant, v. DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS and others, Respondents.

*No. 169.   Argued October 7, 1971.—Decided November 2, 1971.*
(Also reported in 191 N. W. 2d 1.)

For the appellant there was a brief by *Peregrine, Schimenz, Marcuvitz & Cameron, S. C.* and *Hugh R. Braun,* all of Milwaukee, and oral argument by *Mr. Braun.*

For the respondent Department of Industry, Labor & Human Relations the cause was argued by *Donald P. Johns,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

For the respondents Hillside Transit Company and Liberty Mutual Insurance Company there was a brief by *Otjen, Philipp & McFadyen* and *Carl N. Otjen,* all of Milwaukee, and oral argument by *Carl N. Otjen.*

For the respondents Clairmont Transfer Company and Carriers Insurance Company there was a brief by *Borgelt, Powell, Peterson & Frauen,* attorneys, and *Thomas L. Smallwood* of counsel, all of Milwaukee, and oral argument by *Mr. Smallwood.*

BEILFUSS, J.   We are of the opinion the appeal was not timely taken and that this court has no jurisdiction in the matter.[1]

Sec. 102.25 (1) of the workmen's compensation chapter (ch. 102, Stats. 1967), provides the following concerning an appeal from a judgment of a circuit court which reviewed an order of the department:

"Said commission [department], or any party aggrieved by a judgment entered upon the review of any order or award, may appeal therefrom within 30 days from the date of service by either party upon the other of notice of entry of judgment.   However, it shall not be necessary for said commission or any party to said action to execute, serve or file the undertaking required by section 274.11 (3) in order to perfect such appeal; . . ."

Notice of entry of the circuit court judgment was served by the attorney general on May 15, 1970, by mailing a copy of the notice of entry of judgment and a copy of the judgment to the appellant's attorneys.   Attorneys for the appellant acknowledged receipt on a postcard

[1] On July 14, 1970, and August 21, 1970, this court improvidently denied motions to dismiss the appeal upon the same grounds.   However, two of the parties have reasserted their contention in the briefs.   Further, questions of jurisdiction can be raised at any time in the proceedings and even by the court upon its own motion.

dated May 19, 1970. Notice of appeal was dated and filed June 19, 1970, thirty-one days after the admission of service of the notice of entry of judgment.

The appellant contends that by virtue of sec. 269.36, Stats., he has an additional five days to file his notice of appeal because service of the notice of entry of judgment was by mail.

In *Chevrolet Division, G. M. C. v. Industrial Comm.* (1966), 31 Wis. 2d 481, 489, 143 N. W. 2d 532, a case dealing in part with a petition to the commission [department] to review a workmen's compensation award, we stated:

"General Motors attempts to invoke sec. 269.36, Stats., which provides:

" 'If a certain time before an act to be done is required for the service of any paper and if, after service of any paper, a specified time is allowed a party to do an act in answer to or in consequence of such service, service by mail shall increase by 5 days the time required or allowed to do such act in case of personal service.'

"However, sec. 269.36, Stats., is part of Title XXV, Procedure in Civil Actions. It therefore applies only to a judicial action or proceeding, and could have no application to the proceedings before the Industrial Commission under ch. 102. . . ."

The right to appeal the judgment of the circuit court in a workmen's compensation case is likewise given to the parties by the legislature in the workmen's compensation chapter and not in the general procedural acts of Title XXV. Therefore, *Chevrolet Division, G. M. C. v. Industrial Comm., supra,* is authority for the rule that sec. 269.36, Stats., does not apply to appeals to this court in workmen's compensation cases.

To dismiss an appeal because it comes one day late may seem harsh. However, if statutory time limits to obtain appellate jurisdiction are to be meaningful they must be unbending.

In *Falk v. Industrial Comm.* (1950), 258 Wis. 109, 111, 112, 45 N. W. 2d 161, where the identical appeal section (sec. 102.25 (1), Stats.) was considered, this court stated:

"In several decisions this court has reiterated the rule that when an appeal is not taken within the statutory period allowed therefor the court has no jurisdiction of the matter. *Estate of Fish,* 200 Wis. 61, 227 N. W. 272; *Stevens v. Jacobs,* 226 Wis. 198, 275 N. W. 555, 276 N. W. 638; *Donny v. Chain of Lakes Cheese Co.* 254 Wis. 85, 35 N. W. (2d) 333. And that consequently an appellant's failure to serve notice of his appeal on one of the parties whose interest is adverse to the interest of appellant is fatal to the court's jurisdiction. . . .

" . . .

" 'It may be thought that this is highly technical. It appears so in this case but if the court relaxes the statute in one case it becomes a precedent and requirements for service of notice of appeal are in part fixed by the court and not by statute. In the matter of appeals this court has followed the practice of adhering closely to the statutory provisions and must do so in this case.' "

Based upon the authorities and reasons set forth above, we conclude we have no jurisdiction and the appeal must be dismissed.

*By the Court.*—Appeal dismissed.