CHEQUAMEGON TELEPHONE COOPERATIVE, INC., and another, Appellants, v. DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS and another, Respondents.

*No. 361. Submitted August 15, 1972.—Decided September 25, 1972.*
(Also reported in 200 N. W. 2d 441.)

For the appellants there was a brief by *Harold Witkin* and *Davis, Witkin, Foley & Weiby,* all of Superior.

For the respondent Department of Industry, Labor & Human Relations the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *James P. Altman,* assistant attorney general.

PER CURIAM. The issue presented by the motion is the time within which an appeal must be taken from a judgment entered upon a review of an order or award of the ILHR Department.

Sec. 102.25 (1), Stats., provides in part as follows:

"**Appeal from judgment on award.** (1) The department, or any party aggrieved by a judgment entered upon the review of any order or award, may appeal

therefrom within *30 days from the date of service* by either party upon the other of *notice of entry of judgment. . . ."* (Emphasis supplied.)

Sec. 269.34, Stats., provides:

**"Service of papers; personal and by mail. . . .**

"(4) Service may be made by mailing such copy where the person making the service and the person on whom it is made reside in different places between which there is a communication by mail. *Service by mail is complete upon mailing.* The copy of the paper to be served must be properly enclosed in a postpaid envelope and must be addressed to the person on whom it is to be served at his proper post-office address. The envelope may bear the sender's name and address and a request to the postal officers for the return thereof in case of nondelivery to the person addressed." (Emphasis supplied.)

Sec. 269.36, Stats., provides:

**"Mail service increases time allowed.** If a certain time before an act to be done is required for the service of any paper and if, after service of any paper, a specified time is allowed a party to do an act in answer to or in consequence of such service, *service by mail shall increase by 5 days the time required or allowed* to do such act in case of personal service." (Emphasis supplied.)

The period in which the appeal can be taken is statutory and jurisdictional.[1] Pursuant to the statutes cited above, the time limitation is thirty days from the service of the notice of entry of judgment plus an additional five days because service was by mail.

Chronologically, the facts dealing with the timeliness of the appeal are as follows:

On May 19, 1972, the judgment confirming the order and award of the department was signed and filed in the clerk's office. May 24, 1972, the notice of entry of

[1] *Falk v. Industrial Comm.* (1950), 258 Wis. 109, 45 N. W. 2d 161.

judgment was served by mail by the attorney general at Madison. A copy of the notice of entry of judgment, together with a postcard for admission of service, was sent to the attorney for the plaintiffs-appellants at Superior in this service by mail. On June 12, 1972, the appellants' counsel signed the admission of service and returned it by mail, postmarked June 19, 1972. The notice of appeal from the judgment of May 19, 1972, was dated June 28, 1972, and received by the attorney general June 30, 1972. The attorney general refused to admit service and has brought this motion to dismiss the appeal.

Applying the statutes quoted above to these facts, we calculate the appeal time as follows: Because the person serving and the person served resided in different places, service could be made by mail. The service of the notice of entry of judgment was by mail and was made on May 24, 1972 (sec. 269.34 (4), Stats.). The appellants had thirty days in which to appeal (sec. 102.25 (1)),—this thirty-day period was increased to thirty-five days because the service of notice of entry of judgment was by mail (sec. 269.36). The thirty-five-day period to appeal calculated from May 24, 1972, means the last day for service of notice of appeal was June 28, 1972. The record on file in this court does not contain an admission of service by counsel or the department, nor does it reveal proof of service by other means. Because the record here does not show service of the notice of appeal within the statutory period,[2] the motion to dismiss the appeal must be granted.

---

[2] We are mindful of our supreme court practice rule contained in sec. 251.42, Stats., which, if applied, would reduce the appeal period in this instance from thirty-five days to thirty-two days. The memoranda of counsel in support and in opposition to the motion make no reference to this statute and under the facts of this case as they appear do not affect the result. For this reason we express no opinion as to its applicability.

Our principal reason for supplementing our order dismissing the appeal by this opinion is to overrule and clarify two misleading or inaccurate statements which appear in *Kohnke v. ILHR Department* (1971), 52 Wis. 2d 687, 191 N. W. 2d 1.

Conceivably, *Kohnke, supra,* can be interpreted to hold that the time for appeal commences to run after the *admission* of service of notice of entry of judgment where service is by mail. Clearly, this interpretation is erroneous. The statute (sec. 102.25 (1)) provides: ". . . may appeal therefrom within 30 days from the *date of service* by either party upon the other of notice of entry of judgment. . . ." (Emphasis supplied.) If the time was to be calculated from the date of the admission of service, a party could extend the time for appeal by simply not signing the admission of service until he chose to do so. Such a rule would be in direct contradiction of the intention of the legislature and cannot be permitted. The time for appeal commences to run from the date of the service of the notice of entry of judgment.

*Kohnke, supra,* erroneously states that sec. 269.36, Stats., which extends the time for five days when service is by mail, does not apply and cites as authority *Chevrolet Division, G. M. C. v. Industrial Comm.* (1966), 31 Wis. 2d 481, 489, 143 N. W. 2d 532. This is a misconstruction of *Chevrolet Division.* That case held that sec. 269.36 applied only to judicial actions or proceedings and not to proceedings before the industrial commission (now ILHR Department) under ch. 102.

The appeal here is from a judicial action—a judgment rendered by the circuit court for Dane county—and not an administrative proceeding before the department. Sec. 269.36, Stats., does apply and because the service of notice of entry of judgment was by mail, the time to appeal was extended five days for a total of thirty-five

days. However, as stated above, the record does not reveal the notice of appeal was served within thirty-five days.

Appeal dismissed.