NELSON, Petitioner-Appellant, v. DEPARTMENT OF NATURAL RESOURCES, Respondent.

Court of Appeals

*No. 79–269. Submitted on briefs May 21, 1979.—Decided May 25, 1979.*
(Also reported in 280 N.W.2d 334.)

For the petitioner-appellant the cause was submitted on the brief of *Stephen F. Hansen* and *Johnson, Hansen & Shambeau,* of Waupaca.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Nancy L. Arnold,* assistant attorney general.

Before Gartzke, P.J., Bablitch, J., and Dykman, J.

DYKMAN, J. This is an appeal from the judgment of the trial court entered January 5, 1979, dismissing the petitioner-appellant's petition for review of a Department of Natural Resources' order which granted him authority to operate and maintain a dam in Waupaca County. The petitioner contested provisions of the permit which allowed public access for the purposes of fishing and traversing upstream and downstream on the flowage.

Appeals involving administrative agency decisions under sec. 227.21 are exceptions to the time limits for appeal under sec. 808.04(1), Stats. *See* sec. 808.04(2), Stats. Pursuant to sec. 227.21, the time for appeal was limited to 30 days from notice of entry of judgment. The notice of entry of judgment is dated January 9, 1979, and is stamped filed January 12, 1979. The department's memorandum brief on the timeliness of the appeal states that the notice of entry of judgment was mailed to counsel for the petitioner on January 10, 1979. Petitioner does not dispute this point and petitioner's attorney states that he received the notice of entry by mail on January 16, 1979, under cover of a letter dated January 10, 1979. Because this point is undisputed we conclude that the notice of entry of judgment was mailed on January 10, 1979, even though there is no affidavit of service in the record or other proof establishing mailing on that date.

The time for appeal commences to run from the date of the service of the notice of entry of judgment. *Cheguamegon Telephone Cooperative v. ILHR Dept.,* 55 Wis.2d 507, 511, 200 N.W.2d 441 (1972). Pursuant to sec. 801.14(2), Stats., service by mail is complete upon mailing. Because service of the notice of entry of judgment was made by mail the petitioner received an additional three days to appeal under sec. 801.15(5), Stats.

The petitioner therefore had 33 days from the time of the mailing of the notice of entry of judgment to appeal the judgment, or until February 12, 1979. Because the notice of appeal was filed February 20, 1979, it was late and the appeal must be dismissed.

The petitioner's attorney contends that the appeal was not late under the 30-day provision of sec. 227.21 because he did not receive the notice of entry of judgment until January 16, 1979, and he mailed the notice of appeal to the clerk of court on February 14, 1979. However, the time to appeal began to run from the time the notice of entry of judgment was mailed to him. An appeal is initiated in this court by "filing a notice of appeal with the clerk of the trial court." Rule 809.10(1)(a). The date of "filing" a notice of appeal is the date it is received in the clerk's office, not the date it is mailed to the clerk. *First Wis. Nat. Bank of Madison v. Nicholaou,* 87 Wis.2d 360, 365, 274 N.W.2d 704 (1979). The notice of appeal was not stamped filed by the clerk of the trial court until February 20, 1979.

The varying times to appeal provided by the Wisconsin Statutes are confusing and present a trap for any practitioner who does not frequently appear in the appellate courts. Section 808.04(2), Stats., provides several exceptions to the standard time to appeal under sec. 808.04(1), and that list of exceptions is not all-inclusive. We express our dissatisfaction with this situation and strongly recommend that the legislature provide a standard time within which to file a civil notice of appeal, regardless of the source of the matter to be reviewed.

*By the Court.*—Appeal dismissed.