Mark VIDAL and Jerome Tork d/b/a Buena Vista
Berries and Commercial Union Insurance Com-
pany, Plaintiffs-Appellants,

v.

LABOR AND INDUSTRY REVIEW COMMISSION, Defendant-
Respondent,

William GUDEN, Defendant.

Supreme Court

*No. 00–3548. Oral argument March 6, 2002.—Decided
June 25, 2002.*

2002 WI 72

(Also reported in 645 N.W.2d 870.)

For the plaintiffs-appellants there were briefs by *Daniel L. Zitzer, Joseph Berger* and *Otjen, Van Ert, Lieb & Weir, S.C.*, Milwaukee, and oral argument by *Daniel L. Zitzer.*

For the defendant-respondent the cause was argued by *Stephen M. Sobota,* assistant attorney general, with whom on the brief was *James E. Doyle,* attorney general.

¶ 1. WILLIAM A. BABLITCH, J. Appellants Mark Vidal and Jerome Tork d/b/a Buena Vista Berries and Commercial Union Insurance Company (collectively "Buena Vista") appeal a circuit court decision that held that, within the state's worker's compensation system, only those orders granting or denying compensation are subject to judicial review. The orders from which Buena Vista appealed did not grant or deny compensation. Accordingly, the circuit court dismissed Buena Vista's action seeking judicial review.

¶ 2. We affirm. Under Wis. Stat. § 102.23(1)(a) (1999–2000),[1] judicial review is available only from an order or award granting or denying compensation. Judicial review by common law certiorari is not avail-

---

[1] This statute states in relevant part:

102.23 Judicial review. (1) (a) The findings of fact made by the commission acting within its powers shall, in the absence of fraud, be conclusive. The order or award granting or denying compensation, either interlocutory or final, whether judgment has been rendered on it or not, is subject to review only as provided in this section and not under ch. 227 or s. 801.02. Within 30 days after the date of an order or award made by the commission either originally or after the filing of a petition for review with the department under s. 102.18 any party aggrieved thereby may . . . commence, in circuit court, an action against the commission for the review of the order or award, in which action the adverse party shall also be made a defendant.

. . . .

(e) Upon such hearing, the court may confirm or set aside such order or award; and any judgment which may theretofore have been rendered thereon; but the same shall be set aside only upon the following grounds:

able for Buena Vista in this case because, as we discuss below, Buena Vista is not foreclosed from obtaining future judicial review of its claim that the Labor and Industry Review Commission (LIRC) failed to act within the statutory time limitations. This claim may be reviewed in a circuit court action seeking judicial review of any subsequent order or award granting or denying compensation in this case. This method provides adequate review.

I

¶ 3. William Guden (Guden) sustained a back injury while working for Buena Vista, a cranberry grower in Wisconsin Rapids. Guden subsequently filed an application for a hearing with the Worker's Compensation Division of the Wisconsin Department of Workforce Development. After a hearing, an administrative law judge (ALJ) issued a decision and order on the application. The ALJ concluded that Guden sustained a compensable back injury, that Guden was temporarily and totally disabled from April 7 to July 29, 1995, and received all temporary disability compensation to which he was entitled, that Guden did not sustain any permanent disability as a result of that injury, and that various medical expenses incurred by Guden on or prior to August 22, 1995, were reasonable and necessary.

1. That the commission acted without or in excess of its powers.

2. That the order or award was procured by fraud.

3. That the findings of fact by the commission do not support the order or award.

All subsequent references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise indicated.

429

¶ 4. After this decision, Guden filed a petition for review with LIRC. He argued that the ALJ erred by failing to find that he incurred a permanent partial disability, by failing to find that he incurred a vocational impairment, and by failing to order payment of additional medical and chiropractic expenses incurred by the applicant.

¶ 5. On March 5, 1999, LIRC affirmed and adopted the ALJ's findings and order.

¶ 6. Nearly a year later, on Friday, March 3, 2000, at 4:38 p.m., Guden transmitted to LIRC by facsimile a "Petition to Set Aside Previous Decision." It stated in part:

[A] new record of treatment from the University of Wisconsin Hospital and Clinic shows objective trauma, injury and significant treatment, culminating in spinal surgery in November of 1999. Attached hereto and incorporated herein is a partial record of UW Hospital and Clinics establishing the opinion of Dr. James W. Leonard, D.O. which establishes that Mr. Guden has a pre-existing L5 spondylolysis. . . . Based upon this opinion, a L4–S1 anterior spinal fusion was performed by Dr. Clifford B. Tribus.

Based upon this information, applicant petitions the commission to set aside the previous orders and remand this matter for further proceedings.

¶ 7. On Monday, March 6, 2000, LIRC received Guden's petition by first class mail. On that same date, LIRC issued a decision, setting aside, on a provisional basis, its March 5, 1999 decision. The decision stated in full:

On March 5, 1999, the commission issued a decision in this matter affirming the October 2, 1998 decision of an administrative law judge for the department of workforce development. At 4:38 p.m. on Friday, March 3,

2000, the applicant transmitted a "petition to set aside previous decision," which the commission also received by first class mail on March 6, 2000.

Under Wis. Stat. § 102.18(4), the commission may set aside any final order within one year from the date thereof upon grounds of mistake or newly discovered evidence, pending further consideration.[2]

Given the constraints of time, the commission believes the fairest way to deal with the applicant's submission is to note its probable jurisdiction on the grounds of newly discovered evidence and set aside its previous decision. The commission reserves the right, however, to reinstate its decision, if upon further consideration, it determines the applicant's submission in fact does not constitute newly discovered evidence, or if it does not warrant further consideration under Wis. Stat. § 102.18(4).

¶ 8. On March 17, 2000, Buena Vista requested that LIRC reinstate the March 5, 1999 order affirming the hearing examiner's decision.[3]

¶ 9. LIRC subsequently issued a decision on April 28, 2000, concluding that the evidence put forth by

---

[2] This statute states in relevant part:

102.18 Findings, orders and awards.

. . . .

(4)(c) On its own motion, for reasons it deems sufficient, the commission may set aside any final order or award of the commission or examiner within one year after the date of the order or award, upon grounds of mistake or newly discovered evidence, and, after further consideration, do any of the following:

1. Affirm, reverse or modify, in whole or in part, the order or award.

2. Reinstate the previous order or award.

3. Remand the case to the department for further proceedings.

[3] A March 17, 2000 letter from Buena Vista argued in part:

431

Guden in his petition constituted newly discovered evidence. It therefore ordered its March 5, 1999 decision to remain set aside and remanded the matter to the Division of Worker's Compensation for further hearings.

¶ 10. In response, Buena Vista filed a complaint against LIRC and Guden in the Dane County Circuit Court, seeking relief under two causes of action. First, it asked the court to review and set aside LIRC's March 6, 2000 and April 28, 2000 orders based on Wis. Stat. § 102.23. It asserted that LIRC "acted without or in excess of its powers (a) in finding that it had jurisdiction to set aside the previous order of the Commission dated March 5, 1999, and (b) in finding there existed newly discovered evidence such that the order of March 5, 1999 was set aside pursuant to § 102.18(4)(c) Stats." Second, it asked the court to review and set aside LIRC's orders based on common law certiorari. It asserted that LIRC "acted without or in excess of its jurisdictional authority granted by the legislature and in violation of the provisions of Chapter 102, Stats., by setting aside its order dated March 5, 1999 in a period of time in excess of one year after the date of the Order."

> The Administrative Law Judge and the Commission have had the benefit of the hearing transcript, copies of all the previous filed exhibits, and there is no new evidence presented here, other than the fact that a physician chooses to perform surgery while numerous other physicians believe the applicant either was not a surgical candidate, or that he was simply malingering for purposes of secondary gain.

> . . . .

> Therefore, respondents respectfully request that the Labor & Industry Review Commission reinstate its previous decision of March 5, 1999, and once and for all close the books on this case.

¶ 11. LIRC moved to dismiss the complaint. It argued in part that, in view of Wis. Stat. § 102.23(1)(a), Buena Vista's complaint must be dismissed because LIRC's April 28, 2000 order did not constitute an order "granting or denying compensation," as required under the statute. The parties subsequently entered into a stipulation and order that dismissed Buena Vista's claim under § 102.23. The common law certiorari claim remained.[4]

¶ 12. Soon thereafter, the circuit court, the Honorable Steven Ebert presiding, issued a decision dismissing the common law certiorari claim. Noting that judicial review was provided for LIRC decisions under Wis. Stat. § 102.23(1)(a), the court addressed "whether this statutory remedy is indeed exclusive, or whether common-law certiorari is available as an extraordinary remedy for review." The court concluded that common law certiorari was not available to Buena Vista in this

---

[4] In this stipulation, the circuit court ordered as follows:

Upon reading and filing of the foregoing Stipulation, it is hereby ordered as follows:

1. Because the Orders of the Labor & Industry Review Commission dated March 6, 2000 and April 28, 2000 are not Orders which grant or deny compensation, they are not appealable orders under the provisions of § 102.23, Wis. Stats.

2. The plaintiffs do not have and never had a right to appeal the Orders of the Labor & Industry Review Commission dated March 6, 2000 and April 28, 2000 under the provisions of § 102.23, Wis. Stats.

3. The plaintiffs first claim for relief . . . is hereby dismissed, on the merits, and without costs to any party.

4. This Order has no effect on the plaintiff's second claim for relief, for Review of the Administrative Action of the Labor & Industry Review Commission by common law certiorari.

instance. It stated that "§ 102.23, Wis. Stats., clearly indicates what type of order may be reviewed by this court [that is, one that grants or denies compensation]. And the orders of LIRC in this case do not meet that requirement." As a result, the court concluded that it lacked subject matter jurisdiction to review LIRC's March 6, 2000 and April 28, 2000 orders, and therefore, it granted LIRC's motion to dismiss. Buena Vista appealed.

¶ 13. The court of appeals certified the appeal to this court. The court presented the following certified issue: "[w]hether common law certiorari is available to review a claim that the Labor and Industry Review Commission (LIRC) had no jurisdiction to enter an order when there is no right to review provided by statute." The court stated its reasons for certification as follows:

> We conclude that the resolution of whether the LIRC's order may be reviewed by common law certiorari turns on policy considerations as much as on reconciling arguably conflicting precedents. Some policy reasons may be cited in favor of prohibiting judicial review of certain administrative orders. Prohibiting judicial review may be said to foster effective administrative agencies, provide a system of speedy justice for compensation claims, ensure the finality of agency determinations, help establish orderly judicial processes, avoid protracted litigation and conserve judicial resources. However, there are also significant policy considerations that would favor allowing judicial review by certiorari in extraordinary cases. Doing so promotes fairness and provides a judicial "check" on the LIRC when it is alleged to have exceeded its statutory powers.
>
> Because there are compelling policy reasons supporting both positions in this appeal, and because the

precedents are arguably in conflict, we conclude the supreme court is the most appropriate forum in which to resolve the issues raised in this appeal.

## II

¶ 14. We restate the certified issue. The issue presented is whether common law certiorari may be utilized in this case to obtain judicial review of two LIRC orders—which collectively set aside and remanded a compensation order—when it is alleged that LIRC failed to properly issue these orders within the time limitations set by statute. Whether the circuit court may review such orders by common law certiorari is a question of the circuit court's jurisdiction, which is a question of law that we decide de novo. *See Gomez v. LIRC,* 153 Wis. 2d 686, 689, 451 N.W.2d 475 (Ct. App. 1989). We conclude that Buena Vista may not utilize common law certiorari to gain judicial review of the orders at issue in this case.

¶ 15. "The circuit court has only such power to review orders and awards of the commission as are conferred by provisions in the compensation act; and unless an authorized action is commenced within the time and in the manner prescribed by the act, no jurisdiction is acquired by the circuit court." *Rathjen v. Indus. Comm'n,* 233 Wis. 452, 457–58, 289 N.W. 618 (1940) (citations omitted); *see also Wichman v. Indus. Comm'n,* 237 Wis. 13, 14, 296 N.W. 78 (1941); *Albion v. Indus. Comm'n,* 202 Wis. 15, 19, 231 N.W. 249 (1930); *Booth Fisheries Co. v. Indus. Comm'n,* 185 Wis. 127, 134, 200 N.W. 775 (1924). In other words, the circuit court only has jurisdiction to review LIRC orders and awards as authorized by statute, and any review sought

must be commenced according to statute. We look to Wis. Stat. § 102.23(1)(a), which provides that orders or awards granting or denying compensation are subject to review through a circuit court action, following the procedure under the statute.

¶ 16. Here, Buena Vista seeks review of two LIRC orders, which, following Wis. Stat. § 102.18(4)(c), set aside a compensation order and remanded the case for further hearings. There is no dispute that the orders are not orders "granting or denying compensation." Therefore, they are not subject to review as provided under Wis. Stat. § 102.23(1)(a).

¶ 17. In its action, however, Buena Vista's claims are based on the contention that LIRC acted outside of its jurisdiction by failing to issue the set aside and remand order "within one year," as required under Wis. Stat. § 102.18(4). Buena Vista contends that LIRC issued the March 6, 2000 order one day too late because the compensation order was issued on March 5, 1999. In addition, it alleges that, under the March 6, 2000 order, LIRC illegally extended the one-year time limitation under § 102.18(4) by provisionally, rather than conclusively, setting aside the compensation order within the one-year time period. Buena Vista argues that LIRC did not make an actual decision to set aside the compensation order until April 28, 2000—well after the one-year deadline had expired. It now asserts that it will never be able to obtain review of such jurisdictional issues if it cannot obtain immediate review of this order in the circuit court. We conclude otherwise.

¶ 18. Our conclusion is based primarily on the holding and reasoning in *Schneider Fuel & Supply Co. v. Industrial Commission,* 224 Wis. 298, 272 N.W. 25 (1937), where this court held that an objection to the timeliness of a set aside order could be reviewed, but

436

this review would occur in an action brought on a subsequent award or denial of compensation in the case. In *Schneider Fuel,* after affirming a compensation order issued by the examiner, the commission set aside the order and ordered the matter to be scheduled for further hearings based on the finding that a mistake had been made. *Id.* at 299–300. Before the hearing occurred, the employer commenced an action in circuit court, raising two objections: "(1) that the commission was without jurisdiction to enter the order . . . because more than twenty days had elapsed subsequent to the date of the examiners' findings and award, sec. 102.18(4), Stats. and (2) that under the provisions of section 102.18(4) the commission had no authority to set aside its order, findings, or award unless within twenty days from the date thereof it discovered an *actual* mistake in its findings or award." *Id.* at 300. The court denied review of the claims, concluding that the employer's commencement of the action was prema-ture. *Id.* It stated that "the orderly and proper course to pursue, and that which the legislature intended should be pursued, is not to bring an action to review an order setting aside an award *until further hearing is had and an order or award is made. Such an order may then be reviewed." Id.* at 301–02 (emphasis added).

¶ 19. This language was overturned as *obiter dictum* in *Berg v. Industrial Commission,* 236 Wis. 172, 294 N.W. 506 (1940). In *Berg,* the applicant's claim was initially dismissed by a hearing examiner. *Id.* at 174. The applicant sought review with the commission. *Id.* The commission set aside the hearing examiner's order and ordered the matter scheduled for a further hearing. *Id.* After additional testimony was taken, the commis-sion made findings of fact and ultimately ordered ben-efits to the applicant. *Id.* On review, the circuit court

437

affirmed the award, and the employer and his insurer appealed. *Id.* On appeal, the appellants argued that the commission erred when it set aside and remanded the hearing examiner's order because it failed to properly review evidence in making its decision as required by statute. *Id.* at 179. The court rejected this argument and concluded that the commission had in fact reviewed the evidence before issuing the order. *Id.* The court did not, however, base its ultimate decision on this finding. Instead, the court denied relief based on its conclusion that it lacked jurisdiction to review the set aside and remand order altogether. *Id.* Citing *Schneider Fuel,* the court concluded as follows:

> As we held in *Schneider Fuel & Supply Co. v. Industrial Comm.* 224 Wis. 298, 301, 272 N. W. 25, no action to review such an order setting aside an examiner's findings and award and ordering the matter scheduled for further hearing is authorized by the compensation act; and the only purpose for which an action can be maintained under sec. 102.23(1), Stats., is to review either an award of compensation or an order which denies compensation. *Likewise, because there is no statutory provision authorizing judicial review at any other time of such an intermediate order, there can be no review of the commission's order of July 1, 1938. In this respect we must withdraw the obiter dictum statement in the Schneider Fuel & Supply Co, Case, supra, that such an order may be reviewed in an action brought to review a subsequent award or an order denying compensation.*

*Id.* at 179–80 (emphasis added). Thus, the court concluded that set aside and remand orders, and the issues contained therein, were never reviewable because the statutes do not specifically provide review for such orders.

¶ 20. Despite this language from *Berg,* we conclude that *Schneider Fuel* provided the appropriate rule of law as it relates to review of set aside and remand orders, like the ones at issue in this case, which are challenged based on LIRC's failure to issue these orders within the time limitations set by statute. Any language to the contrary in *Berg* is specifically overruled. As noted in *Schneider Fuel,* review of such orders in a subsequent action on the award or order granting or denying compensation is consistent with the legislative intent behind the statute. Wisconsin Stat. § 102.23(1)(a) specifies that an action may be commenced in the circuit court seeking review only after "[t]he order or award granting or denying compensation, either interlocutory or final" is issued. However, section 102.23(1)(e) contemplates that, during this review, the court is not limited to only reviewing those issues raised by the order or award granting or denying compensation. Such timeliness issues affecting the court's jurisdiction can always be raised during this review. Indeed, providing review of such issues during the review of the merits of the compensation order is consistent with the objectives of judicial economy and finality. In short, it ensures review to these determinative jurisdictional issues raised in the course of the proceeding but permits review only after an order or award granting or denying compensation is issued.

¶ 21. Providing such review is consistent with our holding in *Pasch v. Department of Revenue,* 58 Wis. 2d 346, 206 N.W.2d 157 (1973). In *Pasch,* a taxpayer sought an abatement of an assessment of additional income taxes on him. *Id.* at 348. After his application was denied, he petitioned for review with the Wisconsin Tax Appeals Commission. *Id.* at 349. Before any hearing on

439

this petition, he moved to quash the assessment, arguing that the department failed to act within the statutory time limits in denying his abatement application. *Id.* He also sought dismissal of any further proceedings with the commission. *Id.* The commission denied the motion. *Id.* at 350. The taxpayer then filed a petition for review in the circuit court. *Id.* The department moved to dismiss the petition, arguing that the order did not directly affect the legal rights, duties, or privileges of the taxpayer and was therefore not a reviewable order under chapter 227 of the Wisconsin statutes. *Id.* The *Pasch* court agreed, but concluded that this issue could be reviewed after a final order was issued. *Id.* at 357. The court stated:

> The order of the commission finding jurisdiction in the commission to proceed to a hearing upon merits of the controversy does not directly affect the legal rights, duties or privileges of the appellant. *As provided in sec. 227.20, Stats., the jurisdiction of the commission may be challenged upon review from the final decision of the commission upon the merits of the controversy.* Appellant argues that the issue of the commission's jurisdiction should be finally determined before appellant is put to the expense and inconvenience of a lengthy proceeding before the commission to determine the accuracy of the additional assessment of taxes. We are mindful of the fact that much time and expense might be saved if the courts would decide at this time that the commission had exceeded its jurisdiction; however, this consideration is outweighed by the resultant delay that would accompany review of these agency determinations and the disruption of the agency's orderly process of adjudication in reaching its ultimate determination.

*Id.* (emphasis added). The claims raised by Buena Vista are entitled to the same type of review. These claims do not relate to the ultimate merits of the case, but instead

440

to the timeliness of the agency's actions. LIRC's failure to act according to the statutory time requirements removes its jurisdiction.

¶ 22. In this respect, *Berg* is distinguishable on its facts. The *Berg* court denied review to a set aside order that was challenged based on the commission's failure to follow a statute requiring it to properly review evidence before setting aside an order. Such a challenge, if presented in a subsequent action seeking judicial review, would not implicate LIRC's jurisdiction, and accordingly, the *Berg* court was correct in denying any future review to the claim.[5]

¶ 23. In light of the above considerations, we conclude that denying review of the set aside and remand orders at issue in this case is consistent with the appropriate rule of law. Review of the orders at issue in this case is permitted in a subsequent action on an award or order granting or denying compensation. Accordingly, Buena Vista's assertion that its claims will never be afforded review is incorrect.

---

· [5] Other cases that have cited *Berg v. Industrial Commission,* 236 Wis. 172, 294 N.W. 506 (1940), have not relied on its holding that set aside orders are not reviewable in a subsequent action on an order or award granting or denying compensation. *See F.F. Mengel Co. v. Check,* 147 Wis. 2d 666, 433 N.W.2d 651 (Ct. App. 1988) (the court held that the commission's order remanding the case for further hearings was not immediately reviewable in circuit court; the court cited and relied on *Berg,* but the court did not reach the issue of whether the intermediate order would be reviewable in an action to review a subsequent award) and *Meyer v. Indust. Comm'n,* 13 Wis. 2d 377, 108 N.W.2d 556 (1961) (the court held that a compromise agreement was not subject to review; the court cited *Berg,* but relied on it only insofar as it held that some orders from the commission are unreviewable).

¶ 24. In light of our conclusion that Buena Vista will be afforded review of the issues in the set aside and remand orders in this case, we must determine whether judicial review of the orders is available by common law certiorari. We have stated that, in general, where "*no appeal from* [an administrative agency's] conclusions be provided, the question whether it has acted within or exceeded its jurisdiction is always open to the examination and decision of the proper court by writ of *certiorari*." *Borgnis v. Falk Co.*, 147 Wis. 327, 359, 133 N.W. 209 (1911) (first emphasis added). However, we have already determined that review for such issues is available. Nevertheless, Buena Vista contends that review through common law certiorari should still be permitted because such jurisdictional issues are issues that need immediate review. The issues, it argues, are not merely procedural or evidentiary matters for which there is no harm in reviewing such issues at the end of the proceedings. If it is not afforded such review, Buena Vista asserts that it will then be severely prejudiced because it will have to incur additional costs and expenses to defend itself in the worker's compensation system.

¶ 25. Buena Vista relies on *Chevrolet Division, General Motors Corp. v. Industrial Commission,* 31 Wis. 2d 481, 143 N.W.2d 532 (1966), to support its argument that review is available through common law certiorari. In *Chevrolet Division,* the applicant filed a petition for review with the commission, but the petition was denied as untimely. *Id.* at 484. The applicant then filed a writ of mandamus in the circuit court to compel the commission to accept and review the petition. *Id.* The court concluded that a writ of mandamus was available as a remedy because judicial review of the commission's refusal to consider the petition was unavailable under

Wis. Stat. § 102.23(1)(a) to the applicant. *Id.* at 484–86. Buena Vista contends that, because the writ of mandamus was permitted in *Chevrolet Division,* review by common law certiorari should be allowed in this case.

¶ 26. In a subsequent case, however, *State ex rel. First National Bank v. M&I Peoples Bank,* 82 Wis. 2d 529, 546, 263 N.W.2d 196 (1978), we upheld the dismissal of a bank's complaint in quo warranto because we determined that the statutory method of review for the agency's determination was adequate to address the issues raised by the bank. In reaching this conclusion, we stated:

> We discussed previously this court's adoption of the general principle that where a method of review is prescribed by statute, the prescribed method is exclusive. It is difficult to quarrel with a rule which requires the timely execution of prescribed procedures. Nonetheless, our cases demonstrate that the door is not entirely closed to the possibility that a petition seeking judicial relief by a method other than that prescribed by statute may be sustained. We noted this possibility in *Perkins v. Peacock,* [263 Wis. 644, 658, 58 N.W.2d 536 (1953)], where we stated that whether a statutory remedy of appeal is exclusive depends upon "whether such right of appeal is adequate to permit review" of the matters raised, and in *Underwood v. Karns,* [21 Wis. 2d 175, 180, 124 Wis. 2d 116 (1963)], where we stated that the prescribed method of review is generally regarded as exclusive where that method is "plain, speedy, and adequate." In *Langland v. Joint County School Comm.,* 12 Wis. 2d 557, 559, 107 N.W.2d 503 (1961) we said that "in all but 'exceptional' cases, the appeal was to be the exclusive remedy."

*Id.* at 542.

¶ 27. We do not regard Buena Vista's case as an exceptional case where we need to provide for an

immediate alternative method of review. The statutory review method is adequate. We recognize that, in some cases, a party may endure some hardship by having to participate in additional hearings when LIRC erroneously sets aside an order or award granting or denying compensation and remands the case for additional hearings. However, we conclude that the statutory scheme still permits review of the issues in this case in a timely manner, and at the same time, it preserves judicial economy by allowing these issues to be determined only after an order or award granting or denying compensation is issued. For these reasons, we conclude that review by common law certiorari is unavailable to Buena Vista in this case.

## III

¶ 28. In conclusion, we affirm the circuit court's decision dismissing Buena Vista's action. No review by common law certiorari is warranted in this case. Buena Vista may still seek review of the disputed timeliness issues in the set aside and remand orders in a circuit court action on a subsequent order or award granting or denying compensation. This method of review is adequate for Buena Vista in this case.

*By the Court.*—The decision of the circuit court is affirmed.