PASCH, Appellant, v. DEPARTMENT OF REVENUE, Respondent.

*No. 281. Argued March 27, 1973.—Decided April 20, 1973.*
(Also reported in 206 N. W. 2d 157.)

348

350

For the appellant there were briefs by *Paul P. Lipton* and *Lipton & Petrie, Ltd.*, all of Milwaukee; and oral argument by *Paul P. Lipton*.

For the respondent the cause was argued by *Allan P. Hubbard,* assistant attorney general, and a brief by *Robert W. Warren,* attorney general, and *E. Weston Wood,* assistant attorney general.

HANLEY, J. The dispositive issue before this court is whether the circuit court had jurisdiction to review the order of the commission which refused to quash the

assessment and to dismiss the proceedings for lack of jurisdiction because of the failure to act within the time prescribed by sec. 71.12 (1), Stats.

The pertinent statutes provide:

Sec. 73.015, Stats.:

"**Review of determination of tax appeals commission.** (1) This section shall provide the sole and exclusive remedy for review of any decision or order of the commission and no person shall contest, in any action or proceeding, any matter reviewable by the commission unless such person has first availed himself of a hearing before the commission under s. 73.01.

"(2) Determinations of the commission shall be subject to review in the manner provided in ch. 227, except that proceedings therefor involving taxes of persons other than corporations shall be instituted in the circuit court of the county where the taxpayer resides, and proceedings involving taxes of nonresident individuals or fiduciaries shall be instituted in the circuit court of the county which includes the situs of the property or income assessed, or if there be more than one such county, to the circuit court of any one of such counties. If the circuit court construes a statute adversely to the contention of the department of revenue, the department shall be deemed to acquiesce in the construction so adopted unless an appeal to the supreme court is taken, and the construction so acquiesced in shall thereafter be followed by the department."

Sec. 227.15, Stats.:

"**Judicial review; orders reviewable.** Administrative decisions, which directly affect the legal rights, duties or privileges of any person, whether affirmative or negative in form, except the decisions of the department of revenue, the commissioner of banking and the commissioner of savings and loan, shall be subject to judicial review as provided in this chapter; but if specific statutory provisions require a petition for rehearing as a condition precedent, review shall be afforded only after such petition is filed and determined."

Sec. 227.16, Stats.:

"**Parties and proceedings for review.** (1) Except as otherwise specifically provided by law, any person aggrieved by a decision specified in section 227.15 and directly affected thereby shall be entitled to judicial review thereof as provided in this chapter. . . ."

Sec. 227.20, Stats.:

"**Scope of review.** (1) The review shall be conducted by the court without a jury and shall be confined to the record, except that in cases of alleged irregularities in procedure before the agency, testimony thereon may be taken in the court. The court may affirm the decision of the agency, or may reverse or modify it if the substantial rights of the appellant have been prejudiced as a result of the administrative findings, inferences, conclusions or decisions being:

"(a) Contrary to constitutional rights or privileges; or

"(b) In excess of the statutory authority or jurisdiction of the agency, or affected by other error of law; or

"(c) Made or promulgated upon unlawful procedure; or

"(d) Unsupported by substantial evidence in view of the entire record as submitted; or

"(e) Arbitrary or capricious.

"(2) Upon such review due weight shall be accorded the experience, technical competence, and specialized knowledge of the agency involved, as well as discretionary authority conferred upon it. The right of the appellant to challenge the constitutionality of any act or of its application to him shall not be foreclosed or impaired by the fact that he has applied for or holds a license, permit or privilege under such act."

The right to appeal from an administrative agency's determination is statutory and does not exist except where expressly given and cannot be extended to cases not within the statute.[5] This court in *Universal Organization of Municipal Foremen, Supervisors & Administra-*

---

[5] *Greenfield v. Joint County School Comm.* (1955), 271 Wis. 442, 447, 73 N. W. 2d 580; 2 Am. Jur. 2d, *Administrative Law*, p. 366, sec. 557.

*tive Personnel v. WERC* (1969), 42 Wis. 2d 315, 322, 166 N. W. 2d 239, citing *Wisconsin Telephone Co. v. Wisconsin Employment Relations Board* (1948), 253 Wis. 584, 589, 34 N. W. 2d 844, stated:

" '. . . "the right of review is entirely statutory, and . . . orders of the board are not reviewable unless made so by the statutes." When an attempt is made to appeal from a nonappealable order, the . . . court does not have jurisdiction for any purpose, except to dismiss the appeal.' "

Although sec. 227.15, Stats., employs the broad term "decision" in conferring the power of judicial review, such a term is to be read in accord with the legislative intent and not in its literal sense. The Supreme Court of the United States in *Chicago & Southern Air Lines v. Waterman Corp.* (1948), 333 U. S. 103, 106, 68 Sup. Ct. 431, 92 L. Ed. 568, stated:

"This Court long has held that statutes which employ broad terms to confer power of judicial review are not always to be read literally. Where Congress has authorized review of 'any order' or used other equally inclusive terms, courts have declined the opportunity to magnify their jurisdiction, by self-denying constructions which do not subject to judicial control orders which, from their nature, from the context of the Act, or from the relation of judicial power to the subject-matter, are inappropriate for review. . . ."

This court has held that it was the legislative intent in sec. 227.15, Stats., to limit judicial review of administrative agency "decisions" to final orders of the agency. This court in *Frankenthal v. Wisconsin Real Estate Brokers' Board* (1958), 3 Wis. 2d 249, 253, 88 N. W. 2d 352, 89 N. W. 2d 825, restated and clarified the test that qualified a determination as a "decision" entitled to judicial review. The court therein stated:

"The *Wisconsin Telephone Co. Case* held that it was the legislative intent that administrative agency decisions

which are reviewable under sec. 227.15, Stats., be final orders entered at the end of *contested proceedings* which are based on *findings of fact* required under sec. 227.13. . . ." [6]

The order issued by the commission in the instant case could more properly be called an interlocutory order rather than a final order. An order has been defined as interlocutory when the substantial rights of the parties involved in the action remain undetermined and when the cause is retained for further action.[7] The merits of the department's additional assessment of taxes is still pending before the commission in this case.

Notwithstanding this court's previous decisions, appellant contends that although the order may be denominated an interlocutory order, sec. 227.15, Stats., nonetheless, provides the authority for the judicial review of such an order, and urges that this court adopt for the rule of judicial review of administrative agency determinations the same rules as apply to supreme court review over county and circuit courts.[8]

We do not subscribe to the contentions urged by the appellant. We stated in *Wisconsin Telephone Co., supra,* at pages 591, 592:

"As stated in 42 Am. Jur., Public Administrative Law, pp. 577–579, sec. 196,—
" 'Courts are averse to review interim steps in an administrative proceeding. Whether review is sought in nonstatutory or statutory proceedings, review of preliminary or procedural orders is generally not available, primarily on the ground that such a review would afford opportunity for constant delays in the course of administrative proceedings for the purpose of reviewing

---

[6] The "contested case" requirement is no longer a condition to judicial review. *See: Ashwaubenon v. Public Service Comm.* (1963), 22 Wis. 2d 38, 46, 125 N. W. 2d 647, 126 N. W. 2d 567.

[7] 2 Am. Jur. 2d, *Administrative Law,* p. 413, sec. 585.

[8] Sec. 274.33 (3), Stats., provides that an order determining a matter of jurisdiction is appealable.

mere procedural requirements or interlocutory directions. Broad language of statutes providing for judicial review of orders of regulatory commissions has been construed as not extending to every order which the commission may make, and mere preliminary or procedural, as distinguished from final, orders have been held not to be within such statutes, especially where the context of the provision indicates that the orders for which review is provided are such as are of a definitive character dealing with the merits of a proceeding and resulting from a hearing upon evidence and supported by findings. . . . Statutory review has been denied by the courts where, although the action sought to be reviewed may have the effect of forbidding or compelling conduct on the part of the person seeking to review it, this result will follow only if some further action is taken by the administrative authority, on the theory that the order sought to be reviewed does not of itself adversely affect the complainant, but only affects his rights adversely on the contingency of future administrative action.' 42 Am. Jur., Public Administrative Law, pp. 577, 578, sec. 196; *Federal Power Comm. v. Edison Co.* 304 U. S. 375, 385, 58 Sup. Ct. 963, 82 L. Ed. 1408; *Rochester Tel. Corp. v. United States,* 307 U. S. 125, 129, 131, 59 Sup. Ct. 754, 83 L. Ed. 1147; *Shannahan v. United States,* 303 U. S. 596, 58 Sup. Ct. 732, 82 L. Ed. 1039; *National L. R. Board v. Falk Corp.* 308 U. S. 453, 60 Sup. Ct. 307, 84 L. Ed. 396; *National L. R. Board v. International Brotherhood E. W.* 308 U. S. 413, 60 Sup. Ct. 306, 84 L. Ed. 354; *Delaware & Hudson Corp. v. United States,* 266 U. S. 438, 45 Sup. Ct. 153, 69 L. Ed. 369." [9]

In the instant case, appellant has appealed from an order which determined that the commission had the authority to proceed to a hearing and determination upon the merits. Sec. 227.15, Stats., provides that only those "[a]dministrative decisions," which "directly affect the legal rights, duties or privileges" of any person, are reviewable. The *Wisconsin Telephone Co. Case* gave credence to this language and held that it was not the legis-

[9] 42 Am. Jur., *Public Administrative Law,* p. 577, sec. 196, replaced by 2 Am. Jur. 2d, *Administrative Law,* pp. 420, 421, sec. 590.

lative intent to authorize the review of mere preliminary action on the part of an agency which does not of itself directly affect such legal rights, duties, or privileges of any party.

However, neither the form of the order nor the label of "final" or "interlocutory" necessarily determines its character as to reviewability. In *Columbia System v. United States* (1942), 316 U. S. 407, 425, 62 Sup. Ct. 1194, 86 L. Ed. 1563, the court held:

"... The ultimate test of reviewability is not to be found in an overrefined technique, but in the need of the review to protect from the irreparable injury threatened in the exceptional case by administrative rulings which attach legal consequences to action taken in advance of other hearings and adjudications that may follow ...."

An order that directly affects the legal rights, duties or privileges of a person is appealable pursuant to secs. 227.15 and 227.16, Stats., whether such order is denominated "final" or "interlocutory." In *Neu's Supply Line v. Department of Taxation* (1968), 39 Wis. 2d 584, 159 N. W. 2d 742, this court recognized the futility of strict adherence to the labels "final" and "interlocutory," in the determination of whether a particular administrative decision is reviewable. This court therein determined that the authority of the department to issue a subpoena duces tecum could be challenged before the commission and that an order denying relief was appealable. In the *Neu's Supply Line Case,* although the order directing the issuance of the subpoena duces tecum was issued during the investigatory stage of the proceedings, it was held that the order was nonetheless reviewable by the commission as an order that directly affected the legal rights, duties and privileges of the party. This court stated, at page 593, that "... the very issuance of the subpoena duces tecum, under the facts of this case, was an act laden with legal consequences and implications." Review of

such an order was necessary to prevent the "proverbial fishing expedition." Also, under the facts of the *Neu's Supply Line Case* the aggrieved party might never have had the opportunity for judicial review of the order, because no proceeding upon the merits was pending that could have produced an otherwise reviewable decision.

The order from which the appellant in the instant case seeks review, however, satisfies none of the above mentioned criteria. The order of the commission finding jurisdiction in the commission to proceed to a hearing upon merits of the controversy does not directly affect the legal rights, duties or privileges of the appellant. As provided in sec. 227.20, Stats., the jurisdiction of the commission may be challenged upon review from the final decision of the commission upon the merits of the controversy. Appellant argues that the issue of the commission's jurisdiction should be finally determined before appellant is put to the expense and inconvenience of a lengthy proceeding before the commission to determine the accuracy of the additional assessment of taxes. We are mindful of the fact that much time and expense might be saved if the courts would decide at this time that the commission had exceeded its jurisdiction; however, this consideration is outweighed by the resultant delay that would accompany review of these agency determinations and the disruption of the agency's orderly process of adjudication in reaching its ultimate determination.

In addition, under sec. 227.16, Stats., the only person entitled to the judicial review of a decision of the commission is "any person aggrieved" by such a decision. In *Greenfield v. Joint County School Comm., supra,* at page 447, this court defined an "aggrieved party" as "one having an interest recognized by law in the subject matter which is injuriously affected by the judgment." At this stage of these proceedings, the appellant does not have an "interest recognized by law" that has been aggrieviously affected.

The appellant also contends that the assessment was invalid because the department failed to act on his application for abatement within the time specified by sec. 71.12 (1), Stats. The order of the commission from which this appeal arises determined that the assessment was not invalid for this reason. As previously stated, the order of the circuit court granting the commission's motion to dismiss did so without prejudice to appellant's petition for review. We agree with this determination. Still pending before the commission is the question of reasonableness of the interest and penalties to be charged, if any, and the income determination upon which the assessment was based. A taxpayer cannot select one of several issues concerning the department's assessment pending before the commission, present it to the commission in the form of a motion, and achieve a separate review and appeal thereon. All issues arising out of a taxpayer's challenge of an assessment constitute one proceeding before the commission and issues concerning the commission's determination thereof are to be raised on appeal. The legislative intent could not be otherwise. A separate hearing and appeal on each of the taxpayer's potential challenges brought by the taxpayer's motions would cause inordinate delay and disrupt the order and efficiency of the administrative agency's proceedings and function. The order of the circuit court is affirmed.

*By the Court.*—Order affirmed.

BEILFUSS, J., took no part.