KIMBERLY AREA SCHOOL DISTRICT,
Petitioner-Appellant,†

v.

LABOR AND INDUSTRY REVIEW COMMISSION,
Respondent-Respondent,

Anthony J. BETTERS,
Respondent.

Court of Appeals

*No. 2005AP666. Submitted on briefs September 12, 2005.
—Decided November 15, 2005.*

2005 WI App 262

(Also reported in 707 N.W.2d 872.)

† Petition to review denied 1-20-06.

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Mark F. Yokom* of *Davis & Kuelthau, S.C.* of Oshkosh.

On behalf of the respondent-respondent, the cause was submitted on the brief of *David C. Rice,* assistant attorney general, and *Peggy A. Lautenschlager,* attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J. The Kimberly Area School District appeals an order concluding that the Labor and Industry Review Commission's refusal to dismiss An-

thony Betters' discrimination complaint on issue preclusion was not subject to judicial review. We affirm.

## Background

¶ 2.　Betters was a District maintenance employee whose employment was terminated on July 18, 2002. An investigation found evidence that Betters was abusing controlled substances, which affected his work. Betters also had prior arrests for drug-related crimes. In a letter to Betters, the District provided the following two justifications for his termination: (1) continued use of controlled substances; and (2) misrepresenting his previous record and current drug use habits to the District.

¶ 3.　Betters filed a grievance with the District challenging his termination, which the District denied. Betters' collective bargaining representative, the Kimberly Custodial Maintenance Association (Union) appealed the denial. On March 26, 2003, an arbitrator issued a decision and award which ruled against Betters and concluded that the District had just cause to terminate his employment.

¶ 4.　Approximately a month before the arbitrator's decision, Betters also filed a Wisconsin Fair Employment Act discrimination complaint against the District with the Department of Workforce Development. On August 25, a Department equal rights officer initially determined there was probable cause that the District unlawfully terminated Betters due to his arrest record. The Department then noticed a hearing on Betters' discrimination complaint.

¶ 5.　The District moved to dismiss the discrimination complaint on the grounds of issue and claim preclusion. Citing issue preclusion, the Administrative

Law Judge (ALJ) dismissed the complaint without a hearing, stating the arbitrator's decision required her to conclude that the District terminated Betters' employment because of his continued use and possession of controlled substances, rather than his past criminal record.

¶ 6. According to the ALJ, issue preclusion could be applied, in part, because the arbitrator's decision was subject to judicial review under Wis. Stat. § 788.10(1).[1] Further, the ALJ determined that even if the decision was not subject to judicial review, it still would be equitable to assign preclusive effect to the arbitrator's findings. The ALJ concluded that the District's termination of Betters' employment was based on its investigation into his conduct and not his arrest record.

¶ 7. Betters petitioned for administrative review of the ALJ's decision by the Commission. In its decision and order, the Commission set aside the ALJ's decision and remanded the case to the ALJ for a hearing on the merits of Betters' discrimination complaint. The Commission disagreed with the ALJ's conclusion that issue preclusion should be applied to the arbitration award. The Commission also stated it was the Union, rather than Betters, that likely had the exclusive right to seek the arbitration award review and that the legal issues presented in the arbitration proceeding and in the Act's proceeding are very different. Finally, the Commission concluded the arbitrator's findings did not conclusively establish that a hearing was unnecessary under *City of Onalaska v. LIRC*, 120 Wis. 2d 363, 367, 354 N.W.2d 233 (Ct. App. 1984). The Commission summarized its decision as follows:

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

The commission concludes that the [ALJ] erred by disposing of this case without a hearing. Even if the arbitration award is given a great deal of weight in terms of the facts, all that it establishes is the facts as to what the [District] knew and how it knew it. It does not establish whether the [District's] decision was motivated by what it knew through the arrest and the arresting authorities, or what it knew through independent sources. To deny [Betters] the opportunity for a hearing was, the commission concludes, an error. For this reason, the commission has set aside the decision and has remanded this matter for hearing on the merits of the complaint.

¶ 8. The District challenged the Commission's decision in circuit court under WIS. STAT. §§ 227.52 — 227.57 and 111.395. The Commission moved to dismiss on the ground that the decision was not subject to judicial review under § 227.52 because it did not affect the substantial interests of the District. The circuit court agreed and granted the Commission's motion, stating:

[The Commission's] order setting aside the [ALJ's] decision and remanding for a hearing on the merits is not a final and reviewable decision. The School District may ultimately prevail, and this opportunity for success on the merits supports the conclusion that [the Commission's] decision is interlocutory and not final. Judicial review is available only upon the conclusion of the agency proceedings on the merits of Betters' claims.

**Discussion**

¶ 9. The District argues the circuit court erroneously ruled that the Commission's decision is not subject to judicial review pursuant to WIS. STAT. § 227.52.

The District contends an arbitration hearing on the merits has already been conducted, and the ALJ properly dismissed Betters' case on the grounds of issue preclusion. Thus, the issues have thoroughly been analyzed, and judicial review is appropriate. Whether an administrative decision is subject to judicial review is a question of law, which we review without deference. *City of Muskego v. Godec*, 167 Wis. 2d 536, 545, 482 N.W.2d 79 (1992).

■

¶ 10.   The right to appeal from an administrative decision arises exclusively from statute. *Pasch v. DOR*, 58 Wis. 2d 346, 352–53, 206 N.W.2d 157 (1973). To receive review of an administrative decision, a party's "substantial interests" must be "adversely affected." *See* Wis. Stat. § 227.52. If a decision sought to be reviewed is not an administrative decision within the meaning of the statute, a circuit court lacks jurisdiction to proceed on the merits and only has jurisdiction to dismiss the petition for review. *See State v. WERC*, 65 Wis. 2d 624, 630–32, 223 N.W.2d 543 (1974).

■

¶ 11.   An agency decision that denies a motion to dismiss and requires a hearing on the merits is not an administrative decision within the meaning of the statute because at this point the party seeking review does not have substantial interests that have been adversely affected. *See WERC*, 65 Wis. 2d at 631; *Pasch*, 58 Wis. 2d at 355–57. Whether the agency has jurisdiction to proceed to a hearing may be challenged upon judicial review of the agency's final decision. *See WERC*, 65 Wis. 2d at 631; *Pasch*, 58 Wis. 2d at 355–57. Our supreme court provided reasoning for delay of judicial review until completion of the agency proceeding in *Pasch* stating:

Appellant argues that the issue of the commission's jurisdiction should be finally determined before appellant is put to the expense and inconvenience of a lengthy proceeding before the commission . . . . We are mindful of the fact that much time and expense might be saved if the courts would decide at this time that the commission had exceeded its jurisdiction; however, this consideration is outweighed by the resultant delay that would accompany review of these agency determinations and the disruption of the agency's orderly process of adjudication in reaching its ultimate determination.

*Pasch*, 58 Wis. 2d at 357.

■

¶ 12.   An agency decision is final if it conclusively "determine[s] the further legal rights of the person seeking review." *Waste Mgmt. v. DNR*, 128 Wis. 2d 59, 90, 381 N.W.2d 318 (1986). An order is preliminary or interlocutory when "the substantial rights of the parties involved in the action remain undetermined and when the cause is retained for further action." *Pasch*, 58 Wis. 2d at 354. A preliminary or interlocutory proceeding is excluded from judicial review to prevent administrative proceedings from being "constantly interrupted and shifted back and forth between the agencies and the courts . . . ." Failing to exclude such a proceeding "would seriously hamper the efficient conduct of administrative proceedings." *WERC*, 65 Wis. 2d at 637.

■

¶ 13.   Here, the Commission's decision is not final and, therefore, it is not subject to judicial review.[2] The

---

[2] The District also argues that the decisions of both the Commission and the arbitrator were erroneous. Since we hold that the substantial interests of the District were not affected, we need not address these arguments. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663 (1938).

Commission made no decision that conclusively determined the further legal rights of the District. The Commission remanded the matter for further review on the merits, and as the circuit court correctly recognizes, the District "may ultimately prevail, and this opportunity for success on the merits supports the conclusion that the [Commission's] decision is interlocutory and not final." The substantial rights of the District remain undetermined and will remain so until the administrative process has been completed in its entirety. For these reasons, and previously articulated concerns of judicial economy, we affirm the court's order.

*By the Court.*—Order affirmed.