**COURT OF APPEALS
DECISION
DATED AND FILED**

**March 30, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.     2019AP1007**

Cir. Ct. No. 2019CV313

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT I**

CONTAINER LIFE CYCLE MANAGEMENT, LLC,

   PETITIONER-APPELLANT,

V.

WISCONSIN DEPARTMENT OF NATURAL RESOURCES,

   RESPONDENT-RESPONDENT.

APPEAL from an order of the circuit court for Milwaukee County: STEPHANIE ROTHSTEIN, Judge. *Affirm*.

Before Brash, P.J., Dugan and Donald, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.  Container Life Cycle Management, LLC (CLCM) appeals the order of the circuit court dismissing its petition for judicial review of two letters issued by the Wisconsin Department of Natural Resources (DNR) in December 2018.  We affirm the circuit court's order dismissing CLCM's petition because the letters are not final agency decisions subject to judicial review.

## BACKGROUND

¶2      CLCM is in the chemical-container refurbishment business.  The company operates a facility in St. Francis, Wisconsin, where it receives and cleans used industrial containers such as steel and plastic drums.  CLCM's facility in St. Francis is a source of air emissions subject to regulation by the DNR.  This case relates to CLCM's requests for new air permits at its St. Francis facility.

¶3      This case involves air pollution permitting requirements under the Clean Air Act, 42 U.S.C. § 7401 *et seq.*; Wisconsin's analogous air pollution statutes, WIS. STAT. ch. 285 (2019-20);[1] and the applicable regulations, namely WIS. ADMIN. CODE chs. NR 405 and 406.  These statutes and regulations relate to controlling emissions of air contaminants from stationary sources.

¶4      There are two main categories of sources regulated under these statutes and regulations:  (1) major sources, which emit more air contaminants than the law permits; and (2) minor sources, which emit less emissions than the law permits.  *See* WIS. STAT. § 285.01(24), (25).  A synthetic minor source is a source that could emit enough air contaminants to qualify as a major source, but

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

accepts permit limitations that bind its emissions below the major source level. *See* WIS. ADMIN. CODE § NR 407.02(9). Generally speaking, construction of new emissions sources or modification to existing sources require a construction permit. *See* WIS. STAT. § 285.60(1)(a)1.; *see also* WIS. ADMIN. CODE § NR 406.03(1). For areas of the country in which air quality is relatively good, the applicable permitting framework focuses on the "prevention of significant deterioration" of air quality, or "PSD." *See generally* WIS. ADMIN. CODE ch. NR 405.

¶5     In 2017, the DNR and the United States Environmental Protection Agency notified CLCM of a violation of its air emissions permit due to odors and the emission of volatile organic compounds from CLCM's facility in St. Francis. CLCM submitted a permit application on February 14, 2018, to install a TRITON-60.95 Regenerative Thermal Oxidizer (Thermal Oxidizer) that would control the odors and the emission of the volatile organic compounds. The DNR advised CLCM that it needed to submit additional information to complete its application, and CLCM submitted a revised Thermal Oxidizer permit application on June 7, 2018, with additions to the application including the installation of a new emissions source, removal of existing equipment, and a request to revise existing permit emission limits.

¶6     In a letter dated June 26, 2018, the DNR denied a waiver to CLCM to begin construction on one of the additional projects included in the revised Thermal Oxidizer application because the DNR "determined that … the facility is a PSD major source" and the DNR "may not grant a waiver" for such sources. In the following paragraph, the DNR addressed the Thermal Oxidizer application and stated that it "reviewed the revised application and finds the application as submitted to be incomplete." The DNR then listed several items needed from

CLCM to complete the Thermal Oxidizer application, now that the facility was considered a PSD major source. The letter concludes with a section entitled "Notice of Appeal Rights," which states: "If you believe that you have a right to challenge this construction waiver decision, you should know that Wisconsin statutes establish time periods within which requests to review Department decisions must be filed."

¶7 Following the June letter, CLCM submitted additional information to the DNR contesting the PSD major source designation, but CLCM never sought judicial review. Further discussions between CLCM and the DNR about the PSD major source designation ended with the DNR issuing two letters to CLCM in December 2018.

¶8 The first letter, dated December 14, 2018, stated that the DNR "continues to find the application … incomplete" and "once more requests" that CLCM submit the information requested in the June letter. Immediately following its request for information, the DNR stated, "In a letter dated June 26, 2018, the department informed CLCM that the St. Francis facility required an after-the-fact PSD permit to address VOC and HAP emissions not previously disclosed to the department[.]" The DNR continued by describing why it considers the facility to be a PSD major source and why this designation remains unchanged from the time of the June letter. In the last section of the letter, entitled "Request for Additional Information," the DNR "requests again" the information that it still needs from CLCM to resolve its Thermal Oxidizer application in light of the PSD major source designation. In concluding, the DNR stated, "Please be advised that this is not a complete review of the [Thermal Oxidizer] construction permit application or the operation permit application submitted at the same time[.]"

4

¶9     CLCM requested another meeting with the DNR after receiving the December 14 letter and the DNR, believing another meeting would be fruitless, responded with a letter dated December 26, 2018.  In this letter, the DNR reiterated its position:

> With regards to the source status of the facility, the department has consistently indicated since June of 2018 that there was reason to believe the facility should have been permitted as a PSD major source since at least 2014. In order to issue a permit containing all legally applicable requirements at this point in time, the department again asks CLCM to submit the information requested in both the June and December letters.  If CLCM disputes the department's exemption for the [Thermal Oxidizer] and believes that a permit is necessary, the information requested in the December 14 letter is necessary to keep the permitting process moving forward.

Neither the December 14 letter, nor the December 26 letter contained a Notice of Appeal Rights section, whereas the June letter did.

¶10    CLCM filed a petition for judicial review on January 11, 2019, and sought review of the two December letters.  In its petition, CLCM challenged the two December letters as the DNR's final decision to apply the PSD designation to its facility.

¶11    The DNR filed a motion to dismiss the petition in which it argued, as is relevant here, that the December letters were not final agency decisions subject to judicial review and argued that the PSD designation was made in the June letter, for which the time to file a petition for review had long since expired.  The circuit court granted the DNR's motion to dismiss.  CLCM filed a motion for reconsideration.  The circuit court denied CLCM's motion, and this appeal follows.

**DISCUSSION**

¶12     On appeal, CLCM argues that the December 14 letter is subject to judicial review and that the circuit court "made two errors in dismissing CLCM's petition for review as untimely in one respect and premature in another."  We disagree.  The December 14 letter, from which CLCM sought judicial review and develops an argument on appeal, is not a final agency decision subject to judicial review.[2]

¶13     Administrative decisions are subject to judicial review as provided by WIS. STAT. § 227.52.  "To receive review of an administrative decision, a party's 'substantial interests' must be 'adversely affected.'"  *Kimberly Area Sch. Dist. v. LIRC*, 2005 WI App 262, ¶10, 288 Wis. 2d 542, 707 N.W.2d 872 (quoting WIS. STAT. § 227.52).  "If a decision sought to be reviewed is not an administrative decision within the meaning of the statute, a circuit court lacks jurisdiction to proceed on the merits and only has jurisdiction to dismiss the petition for review."  *Id.*  "Whether an administrative decision is subject to judicial review is a question of law, which we review without deference."  *Id.*, ¶9.

¶14     Preliminary and interlocutory agency decisions are "excluded from judicial review to prevent administrative proceedings from being 'constantly

---

[2] CLCM raised the December 26 letter in its petition for review before the circuit court, but it fails to develop an argument before this court regarding the December 26 letter.  We do not address arguments that are undeveloped, *see State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992), or abandoned on appeal, *see A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998).  We affirm the circuit court's decision to dismiss the petition for judicial review as to the December 26 letter for these reasons, and consequently, our discussion focuses on the December 14 letter.  However, given that the December 26 letter reiterates the DNR's same position from the December 14 letter, the December 26 letter suffers from the same defects and is not a final agency decision subject to judicial review.

interrupted and shifted back and forth between the agencies and the courts.'" *Id.*, ¶12 (citation omitted). "In determining whether an agency order is final for purposes of judicial review, we focus on its substance and not its form or label." *Sierra Club v. DNR*, 2007 WI App 181, ¶14, 304 Wis. 2d 614, 736 N.W.2d 918.

¶15 Looking to the substance of the December 14 letter, we conclude that CLCM has not sought review of a final agency decision, which is required in order for the court to have jurisdiction. In the letter, the DNR expressly and unambiguously states that the Thermal Oxidizer permit process is ongoing, and the DNR reiterates an entire list of items that the DNR previously requested from CLCM in June 2018 to even consider the Thermal Oxidizer application complete. Consequently, the outcome of the Thermal Oxidizer permit application was left undetermined in the December letter and items to even consider the application complete were still being requested. With the application still pending, "the substantial rights of the parties involved … remain undetermined." *See Kimberly Area Sch. Dist.*, 288 Wis. 2d 542, ¶12 (citation omitted).

¶16 Additionally, the DNR did not include a Notice of Appeal rights section in the letter. While this is not determinative, it is further evidence that the DNR did not consider the letter to be a final decision of any sort that triggered CLCM's ability to seek judicial review.

¶17 In its petition for review and on appeal, CLCM argues for judicial review of the December 14 letter as a final decision on the PSD major source designation and argues that the cost and expense it will incur as a result of such a designation requires immediate judicial review. CLCM contends that, pursuant to federal case law, the PSD major source designation is immediately subject to judicial review even if the permit process is ongoing.

¶18      Even assuming for the sake of argument that a PSD major source designation is immediately subject to judicial review, that designation was not made in the December letter.  Instead, the December letter references the PSD major source designation made in the June letter in which the DNR clearly stated that "[t]he department has determined that … the facility is a PSD major source" and then lists several items for CLCM to submit to complete its Thermal Oxidizer application as a result of the new PSD major source designation.  In fact, the first item on the list from the June letter requests "emission calculations for each significant unit at the facility" because "the facility is a major PSD source."

¶19      The December 14 letter does not make or modify the PSD major source designation and its applicability to the Thermal Oxidizer application, but rather reiterates the same designation from the June letter, along with the same list of items.  If there was a time to seek judicial review of the PSD major source designation, it was when CLCM received the June letter for which judicial review is no longer available.  *See* WIS. STAT. § 227.53(1)(a) (providing thirty days to file a petition for judicial review).

¶20      CLCM further argues that the PSD designation was not made until the December 14 letter because the December 14 letter denied CLCM's request to permit the facility as a synthetic minor source and, thereby, avoid the PSD permitting process.  In the December 14 letter, the DNR stated, "DNR cautioned CLCM that such a plan was complicated by the unresolved concerns over the PSD status of the 2014 project.  Upon further consideration, the department has determined that such a permitting approach is not approvable in an after-the-fact PSD situation."  Read in context, this language tables the minor synthetic source permitting approach until the underlying violations in the original permit that led to the PSD major source designation in the first place are resolved.  This language

does not transform the December 14 letter into a final agency decision subject to judicial review.

## CONCLUSION

¶21    In sum, we conclude that the letters for which CLCM sought judicial review are not final agency decisions that are, in fact, subject to judicial review. Thus, we affirm the circuit court's order dismissing CLCM's petition for judicial review.

*By the Court.*—Order affirmed.

This opinion will not be published.    *See* WIS. STAT. RULE 809.23(1)(b)5.

9