# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

Case No.: 2019AP2434

Complete Title of Case:

**FRIENDS OF THE BLACK RIVER FOREST AND CLAUDIA BRICKS,**

　　**PETITIONERS-APPELLANTS,**

　　**V.**

**WISCONSIN DEPARTMENT OF NATURAL RESOURCES,**

　　**RESPONDENT-RESPONDENT,**

**KOHLER CO.,**

　　**INTERVENOR-RESPONDENT.**

| | |
|---|---|
| Opinion Filed: | July 1, 2021 |
| Submitted on Briefs: | July 17, 2020 |

| | |
|---|---|
| JUDGES: | Kloppenburg, Graham, and Nashold, JJ. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the petitioners-appellants, the cause was submitted on the briefs of *Christa O. Westerberg* and *Leslie A. Freehill* of *Pines Bach LLP,* Madison. |

Respondent
ATTORNEYS:     On behalf of the respondent-respondent, the cause was submitted on the brief of *Gabe Johnson-Karp*, assistant attorney general, and *Joshua L. Kaul*, attorney general.

On behalf of intervenor-respondent, the cause was submitted on the brief of *Deborah C. Tomczyk* and *Jessica Hutson Polakowski* of *Reinhart Boerner Van Deuren s.c., Madison.*

A non-party brief was filed by *Andrea Gelatt* and *Rob Lee* of *Midwest Environmental Advocates, Inc.*, Madison.

COURT OF APPEALS
DECISION
DATED AND FILED

July 1, 2021

Sheila T. Reiff
Clerk of Court of Appeals

NOTICE

This opinion is subject to further editing.  If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.  *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2019AP2434**

**STATE OF WISCONSIN**

Cir. Ct. No.  **2018CV82**

**IN COURT OF APPEALS**

---

FRIENDS OF THE BLACK RIVER FOREST AND CLAUDIA BRICKS,

PETITIONERS-APPELLANTS,

V.

WISCONSIN DEPARTMENT OF NATURAL RESOURCES,

RESPONDENT-RESPONDENT,

KOHLER CO.,

INTERVENOR-RESPONDENT.

---

APPEAL from an order of the circuit court for Sheboygan County: L. EDWARD STENGEL, Judge. *Affirmed*.

Before Kloppenburg, Graham, and Nashold, JJ.

¶1 NASHOLD, J. Under the Wisconsin Environmental Policy Act (WEPA), a state agency contemplating a "major action[] significantly affecting the quality of the human environment" must prepare and publish an Environmental Impact Statement (EIS): a detailed report evaluating potential environmental effects. *See* WIS. STAT. § 1.11(2)(c) (2019-20); WIS. ADMIN. CODE § NR 150.30(4) (through May 2020).[1] The EIS is meant to inform decision-makers and the public, so that actions are approved or denied only on full consideration of their environmental consequences. ***Wisconsin's Env't Decade, Inc. v. DNR (WED 1979)***, 94 Wis. 2d 263, 271, 288 N.W.2d 168 (1979). Separately, WIS. STAT. ch. 227, Wisconsin's Administrative Procedure Act, provides a mechanism for judicial review of final agency decisions that adversely affect a person's substantial interests. *See* WIS. STAT. § 227.52; ***Sierra Club v. DNR***, 2007 WI App 181, ¶13, 304 Wis. 2d 614, 736 N.W.2d 918. The question before us is whether an EIS is itself a final agency decision subject to standalone review under § 227.52, or, alternatively, whether a court may review an EIS only on a petition for review of the agency decision regarding the proposed "major action" that the EIS analyzes.

¶2 Friends of the Black River Forest and Claudia Bricks (collectively, Friends) sought judicial review of an EIS analyzing the environmental impact of a proposed golf course. Although there was no longer any final permit in effect, Friends argued that it had an independent right to challenge the underlying EIS. The circuit court disagreed and dismissed the petition. We conclude that an EIS, by its plain terms, is not a final decision: it analyzes the effects of, and alternatives to, a proposal without dictating any course of action or establishing the rights of any

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted. All references to the Wisconsin Administrative Code are to the May 2020 Register unless otherwise noted.

interested party. Accordingly, a party must wait for some final agency decision it is aggrieved by, such as the issuance or denial of a permit, at which point it may raise its challenges to the EIS in a petition for judicial review of the agency decision that the EIS analyzes. Because no such decision exists here, we affirm the dismissal of Friends' petition.

## BACKGROUND

¶3      For the purpose of this decision, we accept as true the following allegations in Friends' petition for judicial review. In 2014, Kohler Company (Kohler) announced plans to build a golf course complex on 247 acres it owns in Sheboygan County, portions of which contain high-quality wetlands and other environmental and cultural resources. The Department of Natural Resources (DNR) began the environmental review process, which—after public hearings, field visits, staff assessments, and the preparation of multiple drafts of an EIS—concluded with the January 2018 publication of a final EIS. On the same day that DNR published the final EIS, it issued a permit allowing Kohler to fill 3.69 acres of wetland. Kohler anticipated that this would be the first of many permits for the golf course project.

¶4      Friends filed a petition for judicial review, alleging that DNR started the EIS process prematurely and prepared and published the final EIS before receiving all necessary permit applications. Friends alleged that, as a result, the final EIS contains an incomplete discussion of the project's environmental effects, understates the effects it does discuss, omits required components of the EIS analysis, contains a truncated analysis of alternatives to the proposed project, and "incorrectly concludes that this project will not set a negative precedent for wetland fills and mitigation in similar circumstances." Friends requested a stay of the permit

and the final EIS, as well as declarations that the decisions approving both be reversed, vacated, or remanded for further agency action.

¶5 One month later, DNR granted Friends' petition for a contested case hearing on the wetland permit. *See* WIS. STAT. § 227.42 (providing for the right to an agency hearing, which shall be treated as a contested case if certain criteria are met). In March 2019, an administrative law judge (ALJ) reversed DNR's grant of the permit. As DNR did not seek judicial review, this became DNR's final decision. *See* WIS. ADMIN. CODE § NR 2.155(1).

¶6 DNR then moved the circuit court to dismiss Friends' petition, arguing that it was moot. Friends agreed with respect to the wetland permit, but argued that it had a separate right to challenge the EIS on which the permit was based. The circuit court disagreed, concluding that, as a matter of law, an EIS is not a final agency decision subject to judicial review under WIS. STAT. § 227.52. The court dismissed the petition, and this appeal follows.

## DISCUSSION

*Principles of Law and Standard of Review*

¶7 WEPA embodies "a clear legislative declaration that protection of the environment is among the essential considerations of state policy and as such, is an essential part of the mandate of every state agency." *Wisconsin's Env't Decade, Inc. v. PSC (WED 1977)*, 79 Wis. 2d 409, 416, 256 N.W.2d 149 (1977) (internal quotations and quoted source omitted). Accordingly, WEPA establishes a process for agencies to follow "to ensure adequate consideration of environmental factors … before resources are irreversibly and irretrievably committed." *WED 1979*, 94 Wis. 2d at 271. Before an agency undertakes any "major action[] significantly

affecting the quality of the human environment," it must prepare an EIS that evaluates, among other considerations, the environmental impacts of and alternatives to the proposal. WIS. STAT. § 1.11(2)(c). At minimum, the agency must publish a draft EIS, accept public comments, and hold a hearing before publishing a final EIS. WIS. ADMIN. CODE § NR 150.30(3)-(4). The final EIS itself does not ultimately control agency decision-making. *Clean Wis., Inc. v. PSC*, 2005 WI 93, ¶188, 282 Wis. 2d 250, 700 N.W.2d 768. Rather, it is an "informational tool" that "represents an important procedural step agencies must take during their decision-making process," "enabl[ing] agencies to take a 'hard look' at the environmental consequences of a proposed action." *Id.*, ¶¶188-89, 203; *see also* WIS. ADMIN. CODE § NR 150.30(1)(b) ("[t]he EIS is an informational tool that does not compel a particular decision by the agency"); *Applegate-Bader Farm, LLC v. DOR*, 2021 WI 26, ¶37, 396 Wis. 2d 69, 955 N.W.2d 793 ("WEPA is a procedural statute. It is not intended to control agency decision making." (citation omitted)).

¶8 WEPA does not provide for judicial review; instead, WIS. STAT. ch. 227 governs. Chapter 227 establishes circuit court jurisdiction over certain agency actions, creating a right to appeal that "is statutory and does not exist except where expressly given." *Pasch v. DOR*, 58 Wis. 2d 346, 352, 206 N.W.2d 157 (1973); *State v. WERC*, 65 Wis. 2d 624, 630-31, 223 N.W.2d 543 (1974). Specifically, under WIS. STAT. § 227.52, judicial review is limited to "[a]dministrative decisions which adversely affect the substantial interests of any person." *Madison Landfills, Inc. v. DNR*, 180 Wis. 2d 129, 140, 509 N.W.2d 300 (Ct. App. 1993).

¶9 Although WIS. STAT. § 227.52 does not use the term "final," "case law has established that the legislative intent was to limit judicial review to 'final [decisions] of [an] agency.'" *Sierra Club*, 304 Wis. 2d 614, ¶13 (quoted source omitted); *see also Waste Mgmt. of Wis., Inc., v. DNR*, 128 Wis. 2d 59, 87-90, 381

N.W.2d 205 (1986). A final decision determines "the substantial rights of the parties involved" and concludes the agency proceeding. *Pasch*, 58 Wis. 2d at 354. Alternatively, if a decision is "preliminary or procedural," then judicial review is unavailable. *Id.* at 354-55. "[N]either the form of the [decision] nor the label of 'final' or 'interlocutory' necessarily determines … reviewability." *Id.* at 356. Rather, the inquiry is pragmatic: do immediate legal consequences attach? *See Friends of the Earth v. PSC*, 78 Wis. 2d 388, 407, 254 N.W.2d 299 (1977) (agency decision may be reviewable if it "finally disposes of matters having an immediate impact upon the rights of a party"); *Sierra Club*, 304 Wis. 2d 614, ¶15 ("A final administrative [decision] for purposes of judicial review has been described as one that directly affects the legal rights, duties, or privileges of a person." (internal quotations and quoted source omitted)).

¶10     Whether a specific agency decision is final, and thus reviewable under WIS. STAT. ch. 227, is a question of law that we decide de novo. *Kimberly Area Sch. Dist. v. LIRC*, 2005 WI App 262, ¶¶9, 12-13, 288 Wis. 2d 542, 707 N.W.2d 872.

*Application to Friends' Appeal*

¶11     Friends acknowledges that, following the resolution of its wetland permit challenge, the only live issue before the circuit court was whether DNR complied with the regulatory requirements for preparing and publishing the final EIS. Friends also appears to concede that this EIS, like all EISs, does not approve any proposal or dictate any agency action. On its face, the EIS evaluates the impact of, and alternatives to, Kohler's planned golf course, including the proposed wetland fill at issue here. The EIS does not itself allow or prohibit Kohler from proceeding with any aspect of the project; nor does it require DNR to take any action with

respect to any aspect of the project. Nevertheless, Friends raises what we discern to be five arguments as to why the EIS is a final agency decision subject to judicial review. *See* WIS. STAT. § 227.52; *Pasch*, 58 Wis. 2d at 352-56. We address and reject each of these arguments in turn.

¶12 Friends' first and primary argument rests on three court decisions purportedly allowing for judicial review of a final EIS. As a preliminary matter, none of these decisions specifically addresses the issue raised here: whether an EIS is subject to a standalone challenge, separate and apart from a final agency decision like a permit issuance or denial. Instead, in each case, the circuit court reviewed the EIS as part of a challenge to some decision that the EIS analyzed and that was "final," as that term has been interpreted by Wisconsin courts. In *Fox v. DHSS*, 112 Wis. 2d 514, 520-23 & 522 n.6, 334 N.W.2d 532 (1983), and *Milwaukee Brewers Baseball Club v. DHSS*, 130 Wis. 2d 56, 60-62, 387 N.W.2d 245 (1986), petitioners sought judicial review of a subsequent "record of decision" formally committing the agency to the proposal. *See Fox*, 112 Wis. 2d at 522 n.6 (citing 40 C.F.R. § 1505.2) (a "record of decision" is the agency's final decision on the proposal that is informed by the alternatives, information, and analyses in the final EIS). In *Shoreline Park Preservation, Inc. v. DOA*, 195 Wis. 2d 750, 756-57, 537 N.W.2d 388 (Ct. App. 1995), petitioners challenged the legislature's authorization of a parking facility project on several bases, including that the EIS was inadequate. In all three cases, petitioners alleged some defect in the final EIS, but in none of the cases was the challenge independent of the challenge to the governmental decision informed by the EIS. Neither Friends nor we have identified any other case law conceivably permitting judicial review of a document that, by its very nature, does

not and cannot "directly affect[] the legal rights, duties, or privileges of a person." *See Sierra Club*, 304 Wis. 2d 614, ¶15.[2]

¶13    Second, Friends cites to regulations applying the National Environmental Protection Act (NEPA), on which WEPA is substantially patterned. *See WED 1977*, 79 Wis. 2d at 414. NEPA created the Council on Environmental Quality (CEQ) to facilitate NEPA administration, *see* 42 U.S.C. §§ 4342, 4344, and CEQ guidance constitutes persuasive authority in interpreting WEPA, *Larsen v. Munz Corp.*, 167 Wis. 2d 583, 590-91, 482 N.W.2d 332 (1992). Friends directs us to 40 C.F.R. § 1500.3, "NEPA compliance," which—at the time Friends submitted its briefs—provided in pertinent part:

> It is the [CEQ's] intention that judicial review of agency compliance with [regulations implementing NEPA] *not occur before an agency has filed the final environmental impact statement*, or has made a final finding of no significant impact (when such a finding will result in action affecting the environment), or takes action that will result in irreparable injury.

(Emphasis added.)

¶14    Even assuming that this version of 40 C.F.R. § 1500.3 implies that that judicial review may be available upon an agency's filing a final EIS (which we do not decide), § 1500.3 was amended after briefing in this appeal concluded. It now reads, "It is the [CEQ's] intention that judicial review of agency compliance with [regulations implementing NEPA] *not occur before an agency has issued the*

_____

[2] Friends also cites to cases reviewing the agency's decision not to prepare an EIS at all, based on the agency's determination that the proposed action had no significant impact. Friends argues that an aggrieved party may independently challenge a decision not to prepare an EIS and, therefore, should likewise be able to challenge an EIS. Friends has not established that case law concerning the review of a decision not to prepare an EIS has any bearing on the reviewability of an EIS.

8

*record of decision or taken other final agency action*." *See* § 1500.3(c) (emphasis

added). In addition, § 1500.3(d) provides, in pertinent part:

> Remedies. Harm from the failure to comply with NEPA can be remedied by compliance with NEPA's procedural requirements as interpreted in the regulations in this subchapter. *It is the Council's intention that the regulations in this subchapter create no presumption that violation of NEPA is a basis for injunctive relief or for a finding of irreparable harm. The regulations in this subchapter do not create a cause of action or right of action for violation of NEPA, which contains no such cause of action or right of action.* It is the Council's intention that any actions to review, enjoin, stay, vacate, or otherwise alter an agency decision on the basis of an alleged NEPA violation be raised as soon as practicable *after final agency action* to avoid or minimize any costs to agencies, applicants, or any affected third parties.

(Emphasis added.) By its terms, the current version of § 1500.3 strongly suggests

that an EIS is *not* independently reviewable, in that the CEQ anticipates judicial

review only on issuance of "the record of decision or … other final agency action"

and "intend[s]" that NEPA violations not be actionable in of themselves. Moreover,

the implication of the amendment is that the CEQ meant to clarify that judicial

review should *not* solely be of the final EIS, independent of review of the final

agency decision based on alleged defects in the final EIS.[3]

---

[3] We rely for guidance on cases interpreting NEPA. ***State ex rel. Boehm v. DNR***, 174 Wis. 2d 657, 675 n.4, 497 N.W.2d 445 (1993). Friends does not point to any federal case law establishing a standalone right to challenge a final EIS under NEPA. On our own research, we have located cases that, on first glance, suggest that an EIS may be considered a final agency decision. *See, e.g.*, ***Sierra Club v. Slater***, 120 F.3d 623, 632 (6th Cir. 1997) (citing, *inter alia*, to ***Oregon Natural Resources Council v. Harrell***, 52 F.3d 1499, 1504 (9th Cir. 1995), for the proposition that "it appears well-established that a final EIS or the [record of decision] issued thereon constitute the 'final agency action' [under 5 U.S.C. § 704] for purposes of the [Administrative Procedures Act]"). But on closer review of these cases, the respective plaintiffs challenged the EIS as part of their challenge to some final agency decision on the proposal. *See* ***Sierra Club***, 120 F.3d at 629-31 (concluding that petitioners' challenge to the final EIS became

¶15     Third, Friends refers us to a separate "WEPA compliance document" for the golf course project:  a publication, required for any final EIS, containing "findings of fact, conclusions of law and a determination that summarizes the procedures and process steps used to achieve compliance with [WIS. ADMIN. CODE ch. NR 150, implementing WEPA]."  *See* WIS. ADMIN. CODE § NR 150.35(1m). Friends argues that the WEPA compliance document supports its position because "[t]ypically written findings and conclusions are an indication that an agency action is 'final' and appropriately teed up for judicial review."  This argument is unpersuasive for at least the following reasons.  First, the EIS and the WEPA compliance document are two separate documents, each separately required under WEPA.  *See* §§ NR 150.30, 150.35.  Thus, even if the WEPA compliance document *were* a final agency decision, Friends does not explain why it necessarily follows that the EIS is also a final decision.  Moreover, although Friends challenged the EIS in its petition for judicial review, it did not challenge the WEPA compliance document.  Finally, the *form* of a particular decision does not supplant the test for finality set forth in ***Pasch***, which, as set forth above, rests on the decision's effect on the rights of the parties.

¶16     Fourth, Friends appears to argue that an EIS is a final agency decision under WIS. STAT. ch. 227 simply by virtue of being a final (i.e., not a draft) EIS under WEPA.  This argument again ignores the larger point that the label "final" does not determine reviewability, which is a substantive inquiry into the decision's effect on the rights of the parties.  *See **Pasch***, 58 Wis. 2d at 356.

---

ripe for review on the date the agency issued the record of decision memorializing final approval of a highway project); ***Oregon Nat. Res. Council***, 52 F.3d at 1503-04 (concluding that the record of decision approving the construction of a dam was a final agency action).

¶17     Finally, Friends implies that it will not have the ability to challenge all of the alleged flaws in the EIS if it is forced to seek judicial review only of discrete permits (or similar final actions).  Friends appears to believe that unless it can independently challenge the EIS, there will be no opportunity for the circuit court to consider its central argument:  that DNR prematurely issued an EIS without considering the full scope of the proposed golf course. Amicus curiae Midwest Environmental Advocates raises the same point, asking us to decide how a petitioner may challenge "all WEPA compliance issues, including EIS deficiencies" that do not relate to the permit at issue.

¶18     As a threshold matter, the "final decision" requirement is jurisdictional; where a petitioner seeks review of an interim or interlocutory order, the "court only has jurisdiction to dismiss the appeal."  **WERC**, 65 Wis. 2d at 631. Thus, we do not have the power to allow standalone review of a non-final decision, such as an EIS.

¶19     Moreover, we disagree with Friends' assumption that review of the EIS, in part or in full, might thereby be precluded.  We do not perceive any legal barrier to Friends, on judicial review of a specific permit, raising any argument concerning DNR's alleged noncompliance with WIS. ADMIN. CODE ch. NR 150. DNR likewise agrees that an EIS is fully reviewable when a final agency action, such as a permit, is challenged.  Where a major action significantly affecting the environment is proposed, preparation of an EIS in compliance with WEPA regulations is not optional.  *See* WIS. STAT. § 1.11.  Here, if DNR indeed did not "address the entire proposed project," *see* WIS. ADMIN. CODE § NR 150.30(1)(b), then the EIS may be challenged as invalid and unable to support the final agency decision informed by the EIS.  *See* §§ NR 150.20(4), 150.30 (outlining procedure for completing an EIS); *see also **State ex rel. Boehm v. DNR***, 174 Wis. 2d 657, 665,

497 N.W.2d 445 (1993) (WEPA "*requires* that agencies consider and evaluate the environmental consequences of alternatives available to them and undertake that consideration *in the framework provided by [WIS. STAT. §] 1.11*" (emphasis added)).

¶20 To conclude, we emphasize that Friends successfully made its case before the ALJ: Kohler's wetland permit was denied. Friends fears that, down the road, DNR may approve other permits for this project based on what it considers to be a flawed EIS. But that circumstance does not allow for judicial review of the EIS at this stage. By definition, an EIS considers the environmental impact of a proposal; it does not determine "the substantial rights of the parties involved," *Pasch*, 58 Wis. 2d at 354, or "directly affect[] the legal rights, duties, or privileges of a person," *Sierra Club*, 304 Wis. 2d 614, ¶15 (internal quotations and quoted source omitted). Accordingly, an EIS is not a final agency decision independently reviewable under WIS. STAT. ch. 227. We affirm.[4]

*By the Court.*—Order affirmed.

---

[4] Because we determine that an EIS is not a final agency decision independently reviewable under WIS. STAT. ch. 227, we need not address Kohler's arguments that: (1) an EIS is never reviewable per the statutory scheme; and (2) even if the EIS were a final decision, Friends would not have standing to challenge it. *See Barrows v. American Fam. Ins. Co.*, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013) (we need not decide all issues where one is dispositive). For completeness, however, we reiterate that WIS. STAT. ch. 227 governs WEPA challenges, including, where properly before the circuit court, challenges to a final EIS. *See, e.g.*, *Town of Holland v. PSC*, 2018 WI App 38, ¶¶8-9, 14, 35-40, 382 Wis. 2d 799, 913 N.W.2d 914 (challenge to legal sufficiency of EIS addressed in WIS. STAT. ch. 227 petition for judicial review of PSC's final "certification of public convenience and necessity"). We further agree with Friends that Kohler forfeited any standing challenge by not raising it below. *See Jackson v. LIRC*, 2006 WI App 97, ¶¶13, 17-18, 293 Wis. 2d 332, 715 N.W.2d 654; *State v. Huebner*, 2000 WI 59, ¶¶11-12 & 11 n.2, 235 Wis. 2d 486, 611 N.W.2d 727. As a final matter, we note that counsel for Kohler has cited a summary disposition order in its brief. We remind counsel that such citation violates our appellate rules. *See* WIS. STAT. RULE 809.23(3)(b).